John Michael BROWN,
Movant–Appellant,

v.

STATE of Missouri,
Defendant–Respondent.

No. 15207.

Missouri Court of Appeals,
Southern District,
Division Two.

June 9, 1988.

Melinda K. Pendergraph, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

FLANIGAN, Judge.

Movant John Michael Brown appeals from an order denying, after an evidentiary hearing, his Rule 27.26 [1] motion to set aside a judgment and four-year sentence for possession of more than 35 grams of marijuana. The conviction was entered on November 19, 1984, in the Circuit Court of McDonald County, pursuant to a plea of guilty.

On this appeal movant asserts that his guilty plea was entered involuntarily by reason of ineffective assistance of counsel, attorney Tim Warren, who represented him at the time of its entry, and that the trial court erred in ruling otherwise. Specifically, movant asserts that his guilty plea was entered as a result of coercion consisting of the following acts and omissions on the part of attorney Warren: (a) "advocating the interests of Brad Durbin, movant's 19–year–old nephew"; (b) "allowing Brad's mother and other relatives to make emotional pleas that movant plead guilty to help his nephew"; (c) "misleading movant about his chances for parole if he pled guilty"; (d) "misinforming movant that if he went to trial his sentence would be consecutive to other sentences"; and (e) "ignoring movant's moral objection to pleading guilty to a crime for which movant believed he was not responsible."

Appellate review in this proceeding is limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous. Rule 27.-26(j) (Rep. Feb. 11, 1987, effective Jan. 1, 1988). Movant had the burden, in the trial court, of establishing his grounds for relief by a preponderance of the evidence. Rule 27.26(f) (Rep. Feb. 11, 1987, effective Jan. 1, 1988).

1. All references to rules are to Missouri Rules of Court, V.A.M.R. Rule 27.26 was repealed, effective Jan. 1, 1988, by order of the Supreme Court of Missouri, and new rules were adopted in lieu thereof. On the instant appeal, post-conviction relief continues to be governed by the provi-

sions of Rule 27.26, because the sentence was pronounced prior to Jan. 1, 1988, and movant's motion under Rule 27.26 was then pending. See Rule 24.035(*l*), effective Jan. 1, 1988. All references to statutes are to RSMo 1986, V.A.M. S.

Where a criminal defendant enters his guilty plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was "within the range of competence demanded in a criminal case." *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985).

"[T]he two-part *Strickland v. Washington* [466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)] test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson,* supra, [411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973)] and *McMann v. Richardson,* [397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)]. The second, or 'prejudice,' requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."* Id. 106 S.Ct. at 370. (Emphasis added.)

At the motion hearing, held on April 3, 1987, the trial court granted movant's request that he be permitted to represent himself. At the direction of the trial court, an assistant public defender sat with movant at the counsel table. Movant conducted the interrogation of the witnesses, all of whom were called as his witnesses. Movant himself did not testify.

In May 1984 movant was tried on a felony charge of manufacturing marijuana. According to movant's brief, movant and Brad Durbin "were charged with manufacturing marijuana in concert with each other." The state's brief agrees with that statement. Apparently a severance was ordered, for movant was tried separately. Movant's trial resulted in a hung jury and a mistrial.

At the motion hearing attorney Warren, who represented movant at the jury trial, testified that his trial strategy was that Brad Durbin "was as accessible to the marijuana [as the movant], ... that it was not [movant] who grew the marijuana, it was his nephew Brad Durbin."

On August 14, 1984, Brad Durbin entered a plea of guilty to the charge of manufacturing marijuana and was sentenced to a term of five years, subject to the provision of § 217.775 permitting the court receiving the plea to grant probation to a defendant "any time up to 120 days after he has been delivered to the custody of the Division of Adult Institutions."

The charge against movant of manufacturing marijuana was set for a second trial to be held on November 19, 1984, and the state announced its intention to call Brad Durbin as a witness. Plea bargaining ensued, which culminated in movant entering the instant guilty plea. Pursuant to the bargain, movant was to receive a sentence of four years to run concurrently with consecutive five-year and two-year sentences, each imposed for an unrelated offense, which movant was then serving.

At the motion hearing attorney Warren testified to conversations he had with movant which resulted in Warren's recommendation of the plea bargain and movant's acceptance of it. Warren told movant that in his opinion a hung jury was a less likely result of the second trial than it was of the first trial because the prosecution knew "what the defense was going to be." Warren discussed with movant the possible punishment in the event the second trial resulted in conviction.

Warren also told movant that he expected Durbin to be called as a witness by the state and that if the jury believed Durbin, "it would have destroyed the strategy I used at the first trial of pointing the finger at Brad." Warren also testified that he told movant that Durbin had given certain testimony when he, Durbin, entered his plea, and that if Durbin testified, under oath, contrary to anything he had said previously under oath, Durbin could be charged with perjury. Warren also testi-

fied, "I was not the only one who recommended that he accept the plea. Every person who was involved in the discussion recommended that."

Present during the movant-Warren conversations concerning the plea bargain were movant's "girl friend" (Lois Lewis), and movant's sisters, Rebecca Johnson and Karen Johnson, all of whom testified at the motion hearing. Also present during those conversations were Mary Lou Durbin, Brad's mother, and Mae Brown, movant's mother. Rebecca Johnson testified she didn't remember anything attorney Warren said and that she didn't know anything about the plea bargain offer. Karen Johnson testified that she didn't hear anything Warren said and that movant had already made the decision to plead when she arrived. Lois Lewis testified that movant "objected to pleading guilty to something you were not guilty of," and that Mary Lou Durbin and Mae Brown "requested [movant] in very emotional terms that you not make Brad take the stand." Lois Lewis also testified that she recommended to movant that he enter a plea of guilty. She also said that movant himself "was the one who made the final decision he was going to plead guilty."

A transcript of movant's guilty plea hearing of November 19, 1984, was received into evidence at the motion hearing. At the guilty plea hearing the judge conducted an extensive examination of movant with respect to the charge of possessing more than 35 grams of marijuana. Movant's testimony established a factual basis for a finding of guilt on that charge. The judge gave movant an extensive explanation of his rights and of the particulars of the plea bargain. Movant stated twice that no one was forcing him to enter the plea of guilty and that he understood his rights pertaining to a jury trial and his other constitutional rights.

The testimony in the trial court was presented disjointedly and somewhat inartfully, perhaps due to the fact that movant is a layman. He is, however, an articulate layman, and the record leaves no doubt that he is a person of strong will. Both in the jury trial and in this proceeding in the trial court he insisted upon being his own primary spokesman.

The movant assigned several grounds for relief in the trial court which he no longer asserts on this appeal. The abandoned grounds included charges that the state "packed the jury," witnesses were threatened and intimidated, evidence was destroyed by the sheriff's department, officials perjured themselves, and there was a conspiracy between government officials to prohibit a jury trial. Movant's brief in this court, prepared by counsel who did not represent him in the trial court, makes the contentions previously outlined, but it is at least doubtful that all of them were included in the motion. According the latter a most charitable construction, this court concludes to review the instant assignments.

The trial court, in its order denying the motion, found that the plea was not induced by coercion on the part of attorney Warren. The trial court made the following finding:

"Movant complains that his plea was involuntary because his counsel coerced him into making the plea by informing him that he would receive a sentence of life imprisonment. The court finds that counsel very properly informed the movant of the range of punishment, and that since the first trial, differences existed in the evidence and strategy which would make a mistrial or acquittal much more unlikely. Counsel informing the movant of this information in no way amounted to a coercion of movant to enter a plea of guilty."

■ For the reasons which follow, this court holds that the foregoing finding is not clearly erroneous and that movant's evidence failed to satisfy the requirements of *Hill v. Lockhart*, set forth in the fourth paragraph of this opinion. The specific claims of coercive conduct on the part of attorney Warren will be discussed in order.

In support of subpoint (a) movant's brief, with appropriate citations to the transcript, states:

"[C]ounsel warned [movant] that if he proceeded to trial, the state would call his nephew, Brad Durbin, as a witness against [movant]. Brad would be faced with testifying unfavorably against [movant] or testifying inconsistent (sic) with his prior testimony at his guilty plea. If his testimony was different than his previously sworn statement he could be convicted of perjury and his parole would be revoked. Counsel advised [movant] that it would be a mistake to force Brad to testify."

Movant fails to point out in what respect any of the information contained in the first three of the quoted sentences was inaccurate, probably for the reason that he is unable to do so. The fourth sentence requires comment by this court.

To support the fourth sentence movant cites the following testimony given by Lois Lewis during her direct examination by movant himself:

"Q. Right. And were you present when Mr. Warren repeatedly emphasized the fact that he didn't want to go to trial on this case, that he didn't feel like that—he thought that I'd be making a very bad mistake to force Brad and go to trial and I would more than likely receive a very heavy sentence if I lost?

A. Yes."

The trial court was not required to believe the witness's response to the leading and conclusion-eliciting question, and obviously did not do so. Moreover, counsel could not be faulted for telling the movant the fact that the availability of Brad's testimony in the second trial would be a major weapon for the prosecution. Even more basically, it must be remembered that movant himself did not testify and there was no testimony that any statement made by attorney Warren to movant, whether the statement was right or wrong, was a "reasonably probable" cause, *Hill v. Lockhart,* supra, of the entry of the plea. Subpoint (a) has no merit.

Subpoint (b) is frivolous. There was a family gathering at the courthouse and the family members were all sympathetic to movant. Movant cites no authority for the proposition that attorney Warren had any duty or right to control or interfere with statements made to movant by his mother or other relatives. This court rejects subpoint (b) summarily.

Subpoint (c) is based on testimony of Lois Lewis that attorney Warren, prior to the entry of the plea, "said something about [movant's] parole wouldn't be held up or anything by pleading guilty to this." The trial court was at liberty to disbelieve that testimony even if it was uncontroverted. Attorney Warren denied making the statement. Credibility of the witnesses was a matter for the trial court. Subpoint (c) has no merit.

Subpoint (d) is based upon the testimony of attorney Warren that he told movant, prior to the entry of the plea, "I thought if you were convicted and got a sentence, it would be consecutive as opposed to concurrent." Attorney Warren also told movant that if the jury found him guilty, the punishment imposed by the judge "would not be the light end of the spectrum, and I told him I just don't know of any time when you go through a trial and profess innocence and then have a trial and then are convicted and have a prior conviction, I don't know of any occasion to anticipate that the judge would make it anything other than consecutively."

Citing § 558.026 and Rule 29.09, movant argues that if the jury convicted him at the second trial, the trial court would have had discretion to specify whether the sentence would run consecutively or concurrently with movant's other sentences.

Viewed in context, the remarks of attorney Warren to movant are simply predictions of what the sentencing judge would in fact do in the event of a jury conviction, not what the judge had the power to do. There was no misinformation imparted to movant. The statements were merely an educated guess with respect to a likely ruling. Far from constituting ineffective assistance of counsel, the information given to movant was a realistic appraisal of the situation. Subpoint (d) has no merit.

Subpoint (e) is a novel contention. Counsel is charged with "ignoring movant's moral objection" to pleading guilty to a crime for which movant believed he was not responsible. The contention assumes, of course, that movant had a moral objection, which in turn assumes that movant had morals. The record shows that movant believed that marijuana should be legalized. He also believed that possession of marijuana should not be a crime because "there is no victim," at least if the substance is neither sold nor consumed. These concepts, even if movant genuinely entertained them, are not factors which should induce counsel to advise against the entry of a guilty plea. See *McMahon v. State,* 569 S.W.2d 753, 758[5] (Mo. banc 1978), where, in a Rule 27.26 proceeding, the court said, "While an individual may proclaim he had a certain belief and may subjectively believe it, if it was unreasonable for him to entertain such a belief at the time of the plea proceeding, relief should not be granted." Movant does not argue that there was weakness in the case the government would have presented if the guilty plea had not been entered. Movant admitted his guilt during the guilty plea hearing. Subpoint (e) has no merit.

The record, including the extensive examination of attorney Warren by movant himself, demonstrates that Mr. Warren had the responsibility of representing a headstrong, self-assured, self-reliant and difficult client who thought he knew more than his able counsel. Under the extraordinary circumstances, the quality of Mr. Warren's representation more than met the standard of competence set forth in the Supreme Court cases cited in *Hill v. Lockhart,* supra. The judgment of the trial court was not "clearly erroneous." Indeed that judgment is fully supported by the record.

The judgment is affirmed.

PREWITT, P.J., and HOGAN and MAUS, JJ., concur.