**William Kelly CHOATE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 15641.**

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 30, 1988.

Motion for Rehearing or Transfer
Denied Dec. 21, 1988.

Ronald A. Conway, Asst. Public Defender, Springfield, for appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent.

HOLSTEIN, Chief Judge.

William Kelly Choate (movant) pled guilty to three burglaries, § 569.170,[1] three related charges of stealing, and one additional count of stealing, § 570.030. Choate was sentenced to a total of fourteen years on all seven counts.

---

**1.** Unless otherwise indicated, all references to statutes are to RSMo 1986, and all references to rules are to Missouri Rules of Court (18th ed. 1987).

On July 18, 1986, Choate filed a motion for post-conviction relief under former Rule 27.26.[2] After an evidentiary hearing, the trial court denied relief. This appeal followed.

Movant relies on one point. He alleges that his guilty plea was not voluntary because he was denied effective assistance of counsel. Movant contends he would not have pled guilty but for his trial attorney's failure to have an unrelated charge against him severed for trial, and for his attorney's advice that the jury would be influenced by evidence on one charge in determining his guilt on the unrelated charges.

The facts in the case are uncomplicated. Choate was initially charged in two separate informations. The first charged him with one felony count of stealing a pickup truck, allegedly occurring on November 29, 1983. The second information charged movant with three counts of burglary and three related counts of stealing, all allegedly occurring on January 13, 1984. On October 11, 1984, the state filed a "motion to consolidate" the two informations.[3] The consolidation was granted. On October 15, 1984, defendant's trial began on all seven counts. Before trial resumed on the second day, Choate's attorney (defense counsel) recommended pleading guilty. When the court convened on October 16, 1984, defendant pled guilty to all seven counts.

According to defense counsel, the reason for withdrawing the plea of not guilty and entering the guilty plea was that the testimony regarding the stealing of the pickup truck was unexpectedly strong. Defense counsel expressed his belief that the jury would not believe movant's evidence on the truck stealing charge and would also reject movant's evidence on the other charges. Defense counsel recommended movant plead guilty. Movant testified in his post-conviction hearing that the evidence in the burglary cases was overwhelming, but nonetheless asserts he would not have pled guilty if the unrelated stealing charge had been severed.

■ This court's review is "limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous." *Futrell v. State*, 667 S.W.2d 404, 405 (Mo. banc 1984); Rule 27.-26(j). The findings, conclusions and judgment are clearly erroneous "only if upon review of the entire record ... the appellate court is left with a definite and firm belief that a mistake has been made." *Brown v. State*, 729 S.W.2d 54, 55 (Mo. App.1987). In evaluating the effectiveness of counsel, movant must show that defense counsel failed to exercise the skill and diligence that a reasonably competent attorney would exercise under similar circumstances, and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). The standard is less elaborate when a defendant pleads guilty, but it still requires two components. The first step is the same; defense counsel must be shown to have made some error. "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203, 210 (1985); *Brown v. State*, 751 S.W.2d 812, 813 (Mo. App.1988).

Movant devotes much of his brief to a discussion of the motion court's implicit finding that in granting the motion to consolidate, the trial court considered the same issues that are raised by a motion to sever. We are in agreement with movant's position that no severance was ever sought, and thus the issues presented in a motion to sever were never considered by the trial court. *See* § 545.885. However, our

---

**2.** Because this proceeding was pending prior to January 1, 1988, it continues to be governed under the provisions of Rule 27.26. *See* Rule 24.035(1), Missouri Rules of Court (19th ed. 1988).

**3.** Although there is no "motion to consolidate" in Missouri Rules of Court, the net effect of this motion was to amend one of the informations to include all seven counts.

agreement on that question is not dispositive of this appeal. There are other issues for determination.

■ The first issue that arises is whether defense counsel failed to exercise reasonable skill and diligence in failing to seek a severance. Defense counsel's explanation for failure to request a severance did not suggest that the failure to do so was an oversight, but was a reasoned choice based upon what counsel believed the evidence would show on the truck stealing charge. Counsel was apparently convinced the evidence of guilt was so weak on the charge that the potential prejudice from trying the cases at one time was negligible.

"[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable...." *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066, 80 L.Ed.2d at 695. Here there is no complaint that counsel failed to make a thorough investigation of the truck stealing charge. Counsel is not adjudged ineffective because of some error or mistake in trial strategy or because some action proved unsuccessful. *Tucker v. State,* 481 S.W.2d 10, 15 (Mo.1972). The failure of a strategy knowingly and voluntarily pursued does not entitle a prisoner to a second try under the guise of ineffective assistance of counsel. *State v. Thomas,* 625 S.W.2d 115, 124 (Mo.1981). The movant bears the burden of challenging the particular acts and omissions which were not the result of reasonable professional judgment in asserting a claim of ineffective assistance of counsel; it is not enough to complain after the fact that he lost, when the strategy may have been reasonable. *Blackmon v. White,* 825 F.2d 1263, 1265 (8th Cir.1987). A decision by counsel, after thorough investigation, not to seek severance of a count upon which the evidence appears weak is well within the range of practical choices not to be second-guessed in a post-conviction proceeding.

■ Although the issue of severance was the point raised in the movant's motion, the real question is whether the fact that the charges were being tried together affected the voluntariness of the movant's guilty plea. "After a guilty plea, the effectiveness of counsel is relevant only if it affected the voluntariness of the plea." *Gawne v. State,* 729 S.W.2d 497, 499 (Mo. App.1987). Defense counsel testified that the defendant's plea was voluntary. Defense counsel informed movant that the evidence was stronger than anticipated on the truck stealing charge, that the jury was likely to find him guilty on all charges, and that he should plead guilty. In giving that advice, the attorney was performing a duty to explain to his client that a greater sentence may be imposed in a jury trial. *See Cathy v. State,* 644 S.W.2d 392, 393 (Mo. App.1982). The fact that movant entered a plea of guilty based on advice of counsel does not establish that the plea was involuntary or coerced. *Simons v. State,* 719 S.W.2d 479, 481 (Mo.App.1986).

The voluntariness of the plea is also supported by the transcript of the guilty plea proceedings. The court interrogated the movant at length, including asking him if the decision to plead guilty was movant's and whether that was what he wanted to do. In each case, movant replied in the affirmative. The trial court came to the conclusion that the plea was entered into voluntarily and was also supported by a factual basis.

At his evidentiary hearing, movant testified that if the charges against him had been severed, he would not have pled guilty. The trial court may reject such self-serving statements of the movant, even if not contradicted, and this court must defer to the trial court's decision on issues of credibility. *Gawne v. State, supra,* at 500. The trial court apparently did reject movant's testimony because it concluded that movant failed to show that his cause was prejudiced. Because movant has failed to show prejudice, he has failed to establish ineffective assistance of counsel.

THE JUDGMENT IS AFFIRMED.

CROW, P.J., and GREENE, J., concur.