**George C. PONGRASS,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent–
Respondent.**

**No. 25599.**

Missouri Court of Appeals,
Southern District,
Division One.

April 29, 2004.

---

Scott Thompson, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Leslie E. McNamara, Assistant Attorney General, Jefferson City, for Respondent.

PHILLIP R. GARRISON, Judge.

George C. Pongrass ("Appellant") was charged by information in Bollinger County, following change of venue from Cape Girardeau County, with two counts of assault in the first degree, a violation of Section 565.050,[1] one count of forcible sodomy, a violation of Section 566.060, one count of unlawful use of a weapon, a violation of Section 571.030, and two counts of false imprisonment, a violation of Section 565.130. Appellant was charged as a prior and persistent offender. On December 19, 2001, pursuant to a plea agreement with the State that removed from consideration his status as a prior and persistent offender, Appellant pleaded guilty, via an *Alford*

---

1. References to statutes are to RSMo (2000)    unless otherwise indicated.

plea,[2] to one count of assault in the second degree and one count of unlawful use of a weapon. During the plea hearing, the prosecutor stated that the charges stemmed from a November 2000 encounter between Appellant and Stephen Elliott ("Elliott") during which Appellant beat Elliott severely, forced him to perform oral sex on him, and threatened him with a knife.

On January 7, 2002, Appellant filed a motion to withdraw his guilty pleas, claiming that he had been coerced and pressured by his counsel into pleading guilty. The trial court denied the motion following a hearing on January 23, 2002. The court sentenced Appellant to seven years imprisonment for assault and five years imprisonment for unlawful use of a weapon, with the sentences to run consecutively.

On April 12, 2002, Appellant filed a *pro se* motion for post-conviction relief pursuant to Rule 24.035,[3] which motion was amended by Appellant's counsel on January 13, 2003. In that motion, Appellant alleged, *inter alia*, that he had pleaded guilty under the false impression, created by his plea counsel, that he would serve no more than six years of a twelve-year sentence, and that he therefore was provided ineffective assistance of counsel. The motion court denied Appellant's motion, without an evidentiary hearing. This appeal follows. Other facts pertinent to our resolution of this case are recited below.

In a single point, Appellant alleges the motion court clearly erred when it denied his Rule 24.035 motion without an evidentiary hearing because his plea was rendered involuntary when his plea counsel "falsely promis[ed]" him he would serve no more than six years of a twelve-year sentence if he pleaded guilty. We disagree and affirm the motion court's judgment.

Appellate review of a motion court's ruling on a Rule 24.035 motion is limited to a determination whether the findings, conclusion, and judgment of the motion court are clearly erroneous. *Sutton v. State*, 966 S.W.2d 337, 338 (Mo.App. S.D.1998); Rule 24.035(k). The court's findings, conclusion, and judgment are clearly erroneous only if our review of the entire record leaves us with the firm and definite impression that a mistake has been made. *Waserman v. State*, 100 S.W.3d 854, 857 (Mo.App. S.D. 2003). Entitlement to an evidentiary hearing on a Rule 24.035 motion is contingent on a movant citing facts, not conclusions, which, if true, would entitle the movant to relief. *Hutchison v. State*, 59 S.W.3d 494, 496 (Mo. banc 2001). To prevail on a claim of ineffective assistance of counsel, a movant must allege facts, not refuted by the record, which establish: (1) that his attorney's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney, and (2) that he was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674, 698 (1984). Where a defendant has pleaded guilty, claims of ineffectiveness of counsel are considered only to the extent that they implicate the voluntariness of the guilty plea. *Willoughby v. State*, 81 S.W.3d 676, 679 (Mo.App. S.D.2002).

■ As indicated above, Appellant pleaded guilty to amended charges of assault in the second degree and unlawful use of a weapon. Pursuant to a plea agreement, the prosecutor dismissed two charges against Appellant, did not charge him as a prior and persistent offender, and

---

**2.** *See North Carolina v. Alford.* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

**3.** References to rules are to Missouri Rules of Criminal Procedure (2003) unless otherwise indicated.

amended the assault in the first-degree charge to assault in the second degree.

During the plea hearing, Appellant testified that he had had sufficient time to discuss the case with his attorney and that he believed it was in his best interest to plead guilty. Appellant further testified as follows:

Q. [Court]: And you're doing this of your own free will?

A. [Appellant]: Yeah. I've had—I've had a lot of advice, you know. I've had a lot of thought, too, you know—

Q. Okay.

A. —for the past months. Yeah.

Q. Have there been any threats or promises made to you in order to get you to plead guilty beyond what the plea agreement that—that—that

A. No, sir. None. No threats, no promises.

Q. So the only—the only agreement that you know or that's been presented to you that's—that's caused you to enter a plea of guilty here today or that's been an influence has been the plea agreement that will be—

A. Yes, sir.

Q. —that will be expressed here in a second? Okay. You understand the full range of punishment on each count?

A. Yes, sir.

Q. You're looking at a maximum of 12 years.

A. Yes, sir.

Appellant alleged in his amended Rule 24.035 motion that his plea counsel was ineffective in falsely assuring him that he would only be required to serve six years of the contemplated twelve-year sentence. He alleged that his counsel told him not to mention to the plea court any promises counsel had made about the length of Appellant's sentence, and that, if he did, the court would not accept his plea. He claimed that he relied on this advice when deciding to plead guilty and that, absent the assurance that he would serve no more than six years, he would not have pleaded guilty.

In denying Appellant's motion without an evidentiary hearing, the motion court found that his allegations were clearly refuted by the record and that his motion did not state facts sufficient to entitle him to relief. Specifically, the motion court stated:

(A) This [c]ourt questioned [Appellant] extensively on the record, both at his plea and at his sentencing, as to his understanding of the range of punishment and the possibility of receiving the maximum sentence of twelve years.[ ].

(B) This [c]ourt further questioned [Appellant] extensively on the record, both at his plea and at his sentencing, as to his representation and was repeatedly assured by [Appellant] that he had no complaints about counsel as it related to his understanding of and any promises regarding the range of punishment.

We find that the motion court did not clearly err in denying Appellant's motion without granting an evidentiary hearing, because the claim Appellant raised therein is clearly refuted by the record of his plea hearing, during which he affirmed that he had had sufficient time to discuss the case with his attorney and that he believed it was in his best interest to plead guilty. The plea court questioned Appellant specifically concerning his understanding that he was facing a potential sentence of twelve years imprisonment. The prosecutor stated in open court her understanding that the plea agreement was for an open plea, with both parties free to make recommendations as to sentence, and that she would be recommending twelve years imprisonment. Appellant stated that it was

his understanding that the prosecutor would recommend twelve years, and that the stated agreement was the only agreement that influenced him to plead guilty.

In light of Appellant's own testimony at the plea hearing, his claim that his counsel promised him that he would only serve six years of a contemplated twelve-year sentence is clearly refuted. *See Jackson v. State,* 90 S.W.3d 238, 240–241 (Mo.App. S.D.2002) (movant's claim was clearly refuted by the record where the court advised movant of the range of punishment and movant stated he was pleading guilty of his own free will). Appellant argues that the plea court failed to ask him if he had been promised an effective sentence that he would actually serve notwithstanding the sentence announced in court. This argument, however, is undercut by the fact that the plea court did question Appellant concerning whether any promises, other than the plea agreement, had induced him to plead guilty, and Appellant stated under oath that there were none.

■ Appellant also claims that the motion court overlooked his argument that he disclaimed the promises made by his counsel because of her admonition not to mention those promises. This allegation, too, is refuted by the record, in that Appellant swore to tell the truth at the plea hearing and then testified that no promises, other than the plea agreement, had been made to him. Notwithstanding Appellant's curious claim that the motion court "placed too much emphasis on Appellant's statements," it was not clearly erroneous for the motion court to rely on this sworn testimony, despite Appellant's allegations that his attorney advised him to lie. *See White v. State,* 781 S.W.2d 167, 169 (Mo. App. E.D.1989) ("[A] mere allegation that an attorney tells a movant to lie at a guilty plea hearing does not entitle movant to an evidentiary hearing.").

Appellant's claim is clearly refuted by the record and the motion court did not clearly err in denying his motion without granting an evidentiary hearing. Consequently, his point is denied, and the motion court's judgment is affirmed.

BARNEY, P.J., and PREWITT, J., concur.