**David T. HARRIS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. 26991.**

Missouri Court of Appeals, Southern District, Division Two.

Feb. 27, 2006.

---

Margaret M. Johnston, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Roger W. Johnson, Asst. Atty. Gen., Jefferson City, for Respondent.

PHILLIP R. GARRISON, Judge.

David T. Harris ("Movant") appeals the judgment denying his motion for post-conviction relief under Rule 24.035.[1] Pursuant to a plea bargain, Movant entered a plea of guilty to the amended charges of the class D felony of promoting prostitution in the second degree, in violation of Section 567.070, and the class D felony of

---

1. All references to statutes are to RSMo (2000) and all references to rules are to Missouri Rules of Criminal Procedure (2004), unless otherwise indicated.

endangering the welfare of a child in the first degree, in violation of Section 568.045. Movant was sentenced as a prior and persistent offender to concurrent sentences of seven years on both counts. We affirm.

Between May 4, 2001, and May 21, 2001, Movant took E.S., a minor under seventeen years of age, to the residence of Jim Davis ("Davis"), where Movant had E.S. perform sexual intercourse with Davis in return for the payment of money to purchase drugs. In addition, Movant encouraged and aided E.S. to use and possess those drugs. Movant was charged with four counts of statutory rape in the second degree, two counts of statutory sodomy in the second degree, promoting prostitution in the second degree, and endangering the welfare of a child in the first degree.

On April 11, 2002, the State filed an amended information charging Movant as a prior and persistent offender with one count of promoting prostitution in the second degree, and one count of endangering the welfare of a child in the first degree. Movant filed with the court a "Petition to Enter Plea of Guilty" to the amended information, signed by Movant and his attorney. Movant entered his pleas of guilty and was sentenced as set out above.

Movant filed a pro se motion to vacate, set aside or correct the judgment and sentence, which was later amended by appointed counsel to allege ineffective assistance of counsel for failure to inform Movant that he would be required to register as a sex offender. After a hearing, the court entered its findings of fact and conclusions of law denying Movant's motion. Movant appeals this denial. Other facts pertinent to our resolution of this case are recited below.

In his sole point on appeal, Movant alleges the motion court erred in denying his Rule 24.035 motion because Movant's counsel was ineffective for "misadvis[ing]

him that he would not have to register as a sex offender." Movant explains that had he known he would have to register as a sex offender he would not have pleaded guilty. We disagree and affirm the motion court's judgment.

■ Appellate review is limited to a determination of whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 24.035(k); *Pongrass v. State*, 132 S.W.3d 292, 293 (Mo.App. S.D.2004). Findings of fact and conclusions of law are clearly erroneous only if our review of the entire record leaves us with the firm and definite impression that a mistake has been made. *Waserman v. State*, 100 S.W.3d 854, 857 (Mo.App. S.D.2003). To prevail on a claim of ineffective assistance of counsel, a movant must show that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances; and that he was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). The movant bears the burden of proving his post-conviction claims, including a claim of ineffective assistance of counsel, by a preponderance of the evidence. Rule 24.035(i); *Tabor v. State*, 161 S.W.3d 862, 865 (Mo.App. S.D.2005). "In the context of a guilty plea, a movant establishes prejudice due to ineffective assistance of counsel by demonstrating that a reasonable probability exists that, but for plea counsel's errors, the movant would not have entered a guilty plea and would have insisted on proceeding to trial." *Copas v. State*, 15 S.W.3d 49, 54 (Mo.App. W.D.2000). When a movant pleads guilty, claims of ineffective assistance of counsel are relevant only to the extent they affect the voluntariness with which a plea was made. *Pongrass*, 132 S.W.3d at 293.

As indicated above, Movant pleaded guilty to amended charges of promoting prostitution in the second degree and endangering the welfare of a child in the first degree. Movant's testimony at the plea hearing regarding the voluntariness of his plea is as follows:

> Q. [Court]: And you have had the opportunity ... to talk with [your counsel] about your various rights, including your right to trial, your right to trial by jury, and you wish to waive those rights and enter a plea today; is that correct?
>
> A. [Movant]: Yes, sir.
>
> Q. [Court]: Have any promises or any threats been made to get you to enter this plea other than the plea arrangement that you have entered into with the prosecutor's office?
>
> A. [Movant]: No, sir.
>
> Q. [Court]: Have you had any medication, drugs or alcohol in the last 48 hours that might make your mind cloudy about what we are doing here today?
>
> A. [Movant]: No, sir.
>
> . . . .
>
> Q. [Court]: I am sure you have had some questions to ask [your counsel] about what to do, what not to do, and how to protect your rights, has she been able to answer your questions to your satisfaction?
>
> A. [Movant]: Yes.
>
> Q. [Court]: Have you been satisfied with her services to this point?
>
> A. [Movant]: Yes, sir.
>
> Q. [Court]: [H]ave you ever been diagnosed with any mental health conditions that may affect your ability to enter a plea in this case?
>
> A. [Movant]: No.
>
> . . . .
>
> Q. [Court]: Do you remember when I asked you to raise your right hand and

> promise to tell us the truth? Is everything you told us so far been the truth?
>
> A. [Movant]: Yes.
>
> Q. [Court]: Nobody has asked you to come in and tell a lie or take the blame for somebody else, have they?
>
> A. [Movant]: No.

In his amended Rule 24.035 motion, Movant asserts that his plea counsel, Dana Weis ("Ms. Weis"), was ineffective in failing to advise him that he would be required to register as a sex offender. He alleged that Ms. Weis misadvised him that he would not have to register as a sex offender because promoting prostitution is not a Chapter 566 offense. Movant argues his plea was involuntary because his specific purpose in pleading to the lesser charge of promoting prostitution was to avoid sex offender registration. He asserts that had he been advised that he would be required to register as a sex offender by pleading guilty, he would have rejected the plea offer and gone to trial.

At the post-conviction relief hearing, Movant testified that he had told Ms. Weis that he would not plead guilty to any charges that would require him to register as a sex offender. Movant alleged that Ms. Weis had told him that the charges he was pleading guilty to would not subject him to sex offender registration. Movant explained that had he known he would be required to register, he would not have taken the plea, but would have gone to trial.

Ms. Weis testified that she could not recall Movant being concerned about whether he would have to register as a sex offender. Rather, Ms. Weis remembered that Movant was concerned about whether he would be able to continue working with school age children as part of an outreach program. Ms. Weis did not remember ever telling Movant whether or not he would have to register as a sex offender.

Also before the motion court was the deposition of Movant's post-conviction attorney, Karen Bourgeois ("Ms. Bourgeois"). Ms. Bourgeois related that she had discussed Movant's case with Ms. Weis, and had been told that Ms. Weis had realized that sex offender registration was a concern of Movant's, but could not recall any specific conversations with Movant on that subject.

In response to Movant's claim that plea counsel was ineffective for informing him that he would not have to register as a sex offender, the motion court concluded as follows:

> The Court finds that Movant has failed to prove by a preponderance of the evidence that he received ineffective assistance of counsel. Further, the Court finds that the record and the evidence adduced at the motion hearing does not provide a basis for Movant's reasonable belief, that the defense counsel misinformed him of his collateral consequence of his plea that he would be required to register as a sex offender.
> Finally, the Court finds that the Movant has not proved by a preponderance of evidence that he would have proceeded to trial rather than accept and [sic] negotiated sentence. The only evidence in this regard comes from Movant's self[-]serving statement. Movant was fully advised by the trial court at the time of his plea and acknowledged his understanding of the plea, range of punishment and sentence.

■ When a movant alleges that he was misled by counsel into involuntarily entering his guilty plea, we must determine whether the movant's belief was reasonable. *Beal v. State*, 51 S.W.3d 109, 111–12 (Mo.App. W.D.2001). "Only when it appears that a movant's belief is based upon positive representations on which he is entitled to rely will we conclude a movant's

mistaken belief is reasonable." *Robinson v. State*, 952 S.W.2d 315, 318 (Mo.App. E.D.1997).

■ It was Movant's burden to prove his grounds for relief by a preponderance of the evidence. The motion court was free to disbelieve Movant's testimony that he was told by Ms. Weis that he would not have to register as a sex offender. *Rhodes v. State*, 157 S.W.3d 309, 313 (Mo.App. S.D.2005). We give due regard to a motion court's ability to assess the credibility of witnesses appearing before it. *West v. State*, 159 S.W.3d 847, 851 (Mo.App. S.D. 2005). Therefore, we defer to the motion court's determination of witness credibility. *Id.*

Here, the motion court clearly made a finding regarding the credibility to be accorded the testimony of Movant. That finding was well within the motion court's discretion and it should not be disturbed. The motion court did not clearly err in finding that Movant failed to prove by a preponderance of evidence that he received ineffective assistance of counsel. Consequently, Movant's point is denied.

■ The rejection of Movant's point does not end our consideration of this case. As previously related, Movant was charged by amended information with promoting prostitution in the second degree. Pursuant to a plea bargain agreement, Movant pleaded guilty to promoting prostitution in the second degree, and the trial court accepted that plea and sentenced him accordingly. However, the written judgment and sentence reflects that Movant was convicted of promoting prostitution in the third degree. The failure to memorialize accurately the decision of the trial court as it was announced in open court was clearly a clerical error. "Rule 29.12 permits a

trial court to correct such clerical errors in the judgment that obviously are a result of oversight or omission." *State v. Taylor*, 123 S.W.3d 924, 931 (Mo.App. S.D.2004) (quoting *State v. Booyer*, 87 S.W.3d 926, 931 (Mo.App. S.D.2002)). We affirm, but remand this case with instructions to the trial court to enter a written judgment reflecting the judgment and sentence as they were announced by the trial judge in open court.

BATES, C.J., and SHRUM, P.J., concur.