**Travis MOORE, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

**No. 27510.**

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 13, 2006.

S. Paige Canfield, St. Louis, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cecily L. Daller, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

JEFFREY W. BATES, Chief Judge.

Travis Moore (Moore) appeals from a judgment overruling his amended Rule 24.035 motion to vacate his conviction and sentence for committing the crime of statutory rape.[1] We affirm.

## I. Factual and Procedural Background

At some point not disclosed by the record, Moore was charged in two separate cases with committing class C felony forgery. *See* § 570.090. He pled guilty and was sentenced to serve seven years for each offense. Execution of the sentences was suspended, and he was placed on five years probation. While on probation, Moore was charged with committing the crime of statutory rape in the first degree by having sexual intercourse with a girl less than 12 years of age. *See* § 566.032.

---

1. All references to rules are to Missouri Court Rules (2006), and all references to statutes are to RSMo (2000).

Pursuant to a negotiated agreement, he entered an *Alford* plea to this charge in exchange for the State's recommendation that: (1) Moore should receive a sentence of 15 years in prison; and (2) his sentence would run concurrently with the seven-year sentences that he would have to serve upon revocation of his probation in the forgery cases.[2] The court accepted Moore's guilty plea and sentenced him to 15 years in prison.

In due course, Moore filed a timely Rule 24.035 motion to vacate his conviction and sentence in the rape case. Following appointment of counsel, an amended motion was filed. This motion alleged that Moore's guilty plea should be set aside because it was not knowingly, voluntarily and intelligently entered. This request for relief was grounded on the allegation that defense counsel induced Moore to plead guilty "by promising him that if he would plead guilty, he would only have to serve 1–2 years of the sentence and by threatening him that if he did not take the plea, he could receive a life sentence."

The motion court conducted an evidentiary hearing on Moore's allegations. At the hearing, both Moore and his defense attorney, Terry McVey (McVey), were called as witnesses. Their testimony is summarized below.

Moore said he was induced to plead guilty by McVey's statements. McVey recommended the acceptance of an offer to plead guilty to the rape charge in return for a 15–year sentence to run concurrently with Moore's preexisting seven-year sentences on the two felony forgery convictions. According to Moore, McVey "told me I ought to take the 15, and I wouldn't do more than one or two years off the 15, and I'd be back home." If Moore went to trial, on the other hand, McVey said Moore would get a life sentence because that's what the prosecuting attorney planned to request as punishment. Moore agreed to accept the plea agreement. As Moore was being transported to the Department of Corrections, he learned from his parole officer that there would be no eligibility for parole until Moore served five and one-half years of his 15–year sentence. Moore said that, if he had known this, he would not have pled guilty to the rape charge. On cross-examination, Moore was asked about statements he made during his plea hearing on the rape charge. He admitted stating under oath that, except for the plea agreement, neither McVey nor anyone made any promises or threats in order to get Moore to enter his *Alford* plea. Moore also admitted that he was aware that the range of punishment for the rape charge was 10 years to life in prison.[3]

McVey's testimony contradicted that of Moore. McVey was engaged in private practice in Kennett, Missouri, and had 26 years of experience as an attorney. He met with Moore about a dozen times to review discovery and discuss the case. McVey also was aware that Moore was on probation for the two forgery convictions. McVey explained to Moore that, if he went to trial, the range of punishment for statutory rape was 10 years to life in prison.

---

2. An *Alford* plea enables a defendant to plead guilty to the charged crime and accept the criminal penalty even if he is unwilling or unable to admit he committed the acts constituting the crime. *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

3. Moore's understanding was correct. Section 566.032.2 provides that "[s]tatutory rape in the first degree is a felony for which the authorized term of imprisonment is life imprisonment or a term of years not less than five years, unless ... the victim is less than twelve years of age in which case the authorized term of imprisonment is life imprisonment or a term of years not less than ten years."

McVey denied telling Moore that he would get life if convicted:

Q: And did you ever tell [Moore] that if he went to trial, he'd get life?

A: I told him he could get life. I didn't tell him he would get life, I told him he could get life.

McVey discussed the plea offer with Moore and recommended that he accept it because it was "absolutely" in his best interest. McVey said he told Moore, who was then 24 or 25 years old, that he'd be in his "early 30's before he got out." Moore understood the ramifications of the plea agreement and agreed to accept it.

The motion court overruled Moore's motion and made the following finding of fact:

As to the factual dispute between movant and his plea attorney, the court finds the attorney to be credible, and believes and finds that the attorney did not threaten movant or promise that he would be released within any specific time period. He made no positive misrepresentations to movant, and movant did not prove by a preponderance of the evidence that he received ineffective assistance of counsel.

This appeal followed.

## II. Standard of Review

Appellate review of a judgment overruling a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Mendez v. State*, 180 S.W.3d 75, 79 (Mo.App.2005). We presume that the motion court's findings and conclusions are correct. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991). Findings and conclusions are clearly erroneous only if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Id.* Moore bore the burden of proving the grounds asserted for post-con-

viction relief by a preponderance of the evidence. Rule 24.035(i); *Harris v. State*, 184 S.W.3d 205, 209 (Mo.App.2006).

"In reviewing a motion for post-conviction relief filed pursuant to Rule 24.035, an *Alford* plea is not treated differently than a guilty plea." *Sexton v. State*, 36 S.W.3d 782, 783 n. 2 (Mo.App.2001); *see Smith v. State*, 141 S.W.3d 108, 111 (Mo.App.2004). As with any guilty plea, a claim of ineffective assistance of counsel is immaterial, except to the extent that it infringes upon the voluntariness and knowledge with which the guilty plea was made. *Hagan v. State*, 836 S.W.2d 459, 463 (Mo. banc 1992); *Sexton*, 36 S.W.3d at 784–85. Accordingly, Moore must prove by a preponderance of the evidence that, but for plea counsel's unprofessional errors, there is a reasonable probability Moore would have insisted on going to trial instead of pleading guilty. *State v. Nunley*, 980 S.W.2d 290, 292 (Mo. banc 1998); *Cook v. State*, 193 S.W.3d 378, 382 (Mo.App.2006). On a claim of ineffective assistance of counsel, "the motion court is free to believe or disbelieve any evidence, whether contradicted or undisputed, including the movant's testimony[.]" *Krider v. State*, 44 S.W.3d 850, 858 (Mo.App.2001). This Court defers to the motion court on matters of credibility. *Id.*; *Cook*, 193 S.W.3d at 387.

## III. Discussion and Decision

In Moore's sole point on appeal, he contends the motion court clearly erred in denying relief because "the evidence showed trial counsel failed to perform as a reasonably competent attorney would under the same or similar circumstances by promising [Moore] that he would only serve a maximum of two years if he pleaded guilty, but would be sentenced to a life sentence if he went to trial." For the reasons set out below, we find this argument to be meritless.

The first prong of Moore's argument addresses his contention that he was misinformed by McVey about eligibility for parole on the rape conviction. As a general proposition, neither defense counsel nor the trial court is required to inform a defendant about parole in order for a guilty plea to be voluntary and intelligent; such information deals with a collateral, rather than a direct, consequence of the plea. *See, e.g., Haskett v. State,* 152 S.W.3d 906, 910 (Mo.App.2005); *Willoughby v. State,* 81 S.W.3d 676, 679 (Mo.App. 2002); *Martin v. State,* 78 S.W.3d 197, 199 (Mo.App.2002). Thus, counsel's failure to advise a defendant concerning eligibility for parole cannot give rise to a claim of ineffective assistance of counsel. *See, e.g., Barmore v. State,* 117 S.W.3d 113, 116 (Mo.App.2002); *Brown v. State,* 67 S.W.3d 708, 710 (Mo.App.2002). A different rule attends, however, if counsel provides erroneous advice about parole eligibility:

> Where counsel misinforms a client regarding a particular consequence and the client relies on that misrepresentation in deciding whether to plead guilty, the distinction between direct and collateral consequences of the guilty plea is unimportant. If counsel affirmatively misrepresents a collateral consequence of pleading guilty, that misrepresentation may result in an ineffective assistance of counsel.

*Fogle v. State,* 124 S.W.3d 509, 511–12 (Mo.App.2004) (citations omitted). Under such circumstances, relief can be granted if: (1) the defendant was reasonably mistaken about when he or she would become eligible for parole; (2) the mistake was based upon a positive misrepresentation by counsel on which the defendant was entitled to rely; and (3) the defendant did rely upon counsel's misrepresentation in deciding to plead guilty. *See Haskett,* 152 S.W.3d at 910; *Savage v. State,* 114 S.W.3d 455, 458 (Mo.App.2003); *Jenkins v. State,* 9 S.W.3d 705, 708 (Mo.App.1999).

In the case at bar, the motion court was presented with conflicting evidence as to what McVey told Moore about when he might be eligible for parole. Moore testified that McVey said Moore would only serve 1–2 years of his 15–year sentence. McVey testified that he said Moore would have to serve at least six years of the sentence before he would be eligible for parole. That prediction corresponded very accurately with what Moore was told by his parole officer. The motion court believed McVey and did not believe Moore, which was the court's prerogative. *See, e.g., Harris v. State,* 184 S.W.3d 205, 209 (Mo.App.2006) (motion court's finding regarding the movant's credibility was well within the motion court's discretion and should not be disturbed); *Mendez v. State,* 180 S.W.3d 75, 80 (Mo.App.2005) (motion court found credible plea attorney's testimony that he never promised the movant a particular sentence or probation in exchange for his plea); *Krider v. State,* 44 S.W.3d 850, 858 (Mo.App.2001) (trial court resolved all credibility issues against movant). "Determinations concerning credibility are exclusively for the motion court[.]" *Mendez,* 180 S.W.3d at 80. This Court defers to the motion court's determination of credibility. *Id.; Cook v. State,* 193 S.W.3d 378, 387 (Mo.App.2006). Accordingly, Moore failed to carry his burden of proving the first prong of the ground asserted in his post-conviction motion. *See Harris,* 184 S.W.3d at 209.

The second prong of Moore's argument addresses his contention that he was threatened into pleading guilty by McVey's prediction that Moore "would" get life if convicted. This prong of Moore's argument fails for two independent reasons.

First, this assertion does not even raise a viable ground for relief because it

was McVey's duty to explain to Moore that he might receive a greater sentence if he insisted on going to trial instead of accepting the plea agreement. *Choate v. State,* 762 S.W.2d 87, 90 (Mo.App.1988); *Simons v. State,* 719 S.W.2d 479, 481 (Mo.App. 1986). "[A]n able attorney will endeavor to help his or her client understand all of the possible consequences of alternatives and strategies." *White v. State,* 954 S.W.2d 703, 706 (Mo.App.1997). Even if McVey did predict that Moore "would" be sentenced to life in prison, Moore would not be entitled to relief because "[d]efense counsel had a duty to advise him as to the range of punishment and to give his judgment as to the possible extent of punishment. Counsel's alleged use of the word 'would' in giving his judgment as to the possible extent of punishment met his duty." *Edwards v. State,* 569 S.W.2d 779, 780–81 (Mo.App.1978). As we have held on many occasions, a mere prediction or advice of counsel as to sentencing will not lead to a finding of legal coercion that renders a guilty plea involuntary. *See, e.g., Mendez,* 180 S.W.3d at 79; *Talley v. State,* 146 S.W.3d 465, 467 (Mo.App.2004); *Jenkins v. State,* 9 S.W.3d 705, 712 (Mo. App.1999); *Choate,* 762 S.W.2d at 90.

■ Second, McVey denied telling Moore that he "would" get life. Instead, McVey said he told Moore that he "could" get life. The latter statement accurately explains the maximum punishment for the charged crime and corresponds with Moore's own admission that he was aware of the range of punishment when he entered his guilty plea. Once again, this dispute in the testimony presented a fact question for the motion court to determine. The court found that Moore's testimony was not credible, and we defer to that factual finding. *Mendez,* 180 S.W.3d at 80. Therefore, Moore failed to carry his burden of this alleged ground for post-conviction relief. *See Harris,* 184 S.W.3d at 209.

After reviewing the entire record in this case, we are not left with the definite and firm impression that a mistake has been made. *See Wilson v. State,* 813 S.W.2d 833, 843 (Mo. banc 1991). The motion court's findings of fact and conclusions of law are not clearly erroneous. Rule 24.035(k); *Wilson,* 813 S.W.2d at 843; *Cook v. State,* 193 S.W.3d 378, 389 (Mo. App.2006). Moore's point on appeal is denied, and the order overruling his Rule 24.035 motion is affirmed.

BARNEY and LYNCH, JJ., Concur.