**Done Joe WHITE, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–
Respondent.**

No. 25543.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 23, 2003.

Mark A. Grothoff, Columbia, MO, for
Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen.,
and Breck K. Burgess, Assistant Attorney
General, Jefferson City, MO, for Respondent.

JAMES K. PREWITT, Judge.

Done Joe White ("Appellant") appeals
the denial of his Rule 29.15 motion to
vacate judgment and sentence following a
jury trial and conviction of assault in the
first degree, § 565.050, RSMo 1994. Appellant was sentenced as a prior and persistent offender on May 19, 2000, to fifteen
years' imprisonment.

On direct appeal, this Court affirmed
Appellant's conviction and sentence by
memorandum opinion (No. SD23691,
March 8, 2001). Appellant's pro se Rule
29.15 motion was filed June 4, 2001, and an
amended motion was subsequently filed

August 12, 2002. Among other contentions, Appellant claimed that trial counsel rendered ineffective assistance.

An evidentiary hearing was held on February 5, 2003. The motion court's judgment and findings and conclusions were filed February 24, 2003, denying Appellant's motion for post-conviction relief. Appellant appeals, presenting two points relied on.

On review of the denial of post-conviction motions, this Court is limited to determining whether the motion court's findings and conclusions are clearly erroneous. Rule 29.15(k). The findings and conclusions of the motion court are clearly erroneous only if, after review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Moss v. State*, 10 S.W.3d 508, 511 (Mo.banc 2000).

To prevail on a claim of ineffective assistance of counsel, the burden is on the movant to show that counsel failed to exercise the degree of care, skill and diligence of a reasonably competent attorney under similar circumstances and that such failure prejudiced the movant. *Cotton v. State*, 25 S.W.3d 507, 509 (Mo.App.2000). A movant must overcome the presumption that counsel is competent. *State v. Gilpin*, 954 S.W.2d 570, 575 (Mo.App.1997).

■ Appellant was convicted of assaulting Bobby Knight with a two-by-four board, inflicting serious injury. The assault took place in Kennett, Missouri. As a result, Mr. Knight was treated in an intensive-care unit for approximately one week following the assault. Appellant offered evidence that he acted in self-defense, but at some point changed his story to deny any involvement in the incident, stating he was out of town the night that Mr. Knight was assaulted, offering corroborating alibi testimony.

Appellant testified on his own behalf at his trial. His first point alleges that "his trial counsel failed to act as a reasonably competent attorney would under the same or similar circumstances by failing to inform appellant that if he testified regarding [the victim's] violent character, he could be questioned about his own prior acts of violence." Appellant contends that, as a result, he was prejudiced thereby, in that had he been so informed of the consequences of such testimony, he "would not have testified as to [the victim's] violent character ..., and evidence of appellant's bad conduct would not have been presented to the jury." Thus, Appellant further contends, there exists a reasonable probability that "the jury would have acquitted appellant on the basis of self-defense."

Trial counsel testified at Appellant's evidentiary hearing, stating that she advised Appellant that "whatever he would say about [the victim's] propensity for violence would open the door for other bad acts that [Appellant] may have committed in the past." She further testified: "I told him anything that he had done in the past, including arrests, ..., for various things, would be pursued by the prosecutor if we went after [the victim's] propensity for violence."

■ Credibility of the witness is a determination to be made by the motion court. *Gilpin*, 954 S.W.2d at 577. The motion court stated in its findings and conclusions, that "[t]his court believes the testimony of trial counsel that she informed movant that if he testified or presented evidence as to the victim's violent nature, his prior bad acts could be brought out." This Court must defer to the motion court's determination on matters of credibility. *State v. Howard*, 896 S.W.2d 471, 490 (Mo.App.1995). Point one is denied.

**120**

In his second point relied on, Appellant contends that he was prejudiced by trial counsel's failure to call a witness, Benjamin McCrackin, who would have provided Appellant "with an alibi in defense of the charges against him." Specifically, Appellant asserts that Mr. McCrackin was with him in Hayti, Missouri at the time of the assault on Bobby Knight.

To be entitled to relief for trial counsel's failure to call a witness, Appellant must show that the outcome may have been different had the witness testified and that counsel's failure to call the witness was something other than trial strategy. *George v. State*, 973 S.W.2d 114, 115 (Mo.App.1998). Generally, counsel's choice of witnesses is considered a matter of trial strategy and will not support a claim of ineffective assistance of counsel. *Helmig v. State*, 42 S.W.3d 658, 667 (Mo. App.2001).

Mr. McCrackin testified at Appellant's evidentiary hearing, stating that he, Appellant, and another friend were in Hayti at the time Bobby Knight was assaulted and that he would have given the same testimony had he been called to testify at Appellant's criminal trial.

Trial counsel testified that she had been aware of McCrackin's potential as a witness for the defense, however, she chose not to offer it for two specific reasons. First, she had been provided with a written police statement which McCrackin had signed the day following the assault, stating that he did not go to Hayti with Appellant on that occasion. Secondly, trial counsel was also provided with a transcript from Appellant's parole revocation hearing wherein Appellant stated that he had assaulted Knight in self-defense. She stated that she considered McCrackin's testimony inconsistent with a theory of self-defense.

The motion court found that "it was reasonable trial strategy for counsel to choose not to call McCrackin as a witness," as McCrackin "was not a credible witness, and his testimony would not have aided movant at the trial." Here, again, this Court must defer to the motion court's determination on matters of credibility. *Howard*, 896 S.W.2d at 490. Point two is denied.

The judgment of the motion court is affirmed.

BARNEY, P.J., and GARRISON, J., concur.