**Sanford BERRY, Jr., Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

No. 27449.

Missouri Court of Appeals, Southern District, Division Two.

May 31, 2007.

Stuart P. Huffman, Whiteaker & Wilson, P.C., Springfield, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen. and Lisa M. Kennedy, Assistant Attorney General, Jefferson City, for Respondent.

PHILLIP R. GARRISON, Judge.

Sanford Berry, Jr., ("Movant") appeals the denial of his Rule 24.035[1] motion for post-conviction relief. Movant contends the motion court erred in finding that his pleas of guilty were made intelligently, knowingly and voluntarily because: (1) his plea counsel informed him that he would likely receive probation or a minimum sentence of ten years; (2) he was not informed that he had the right to withdraw

---

1. All references to rules are to Missouri Rules of Criminal Procedure (2005) and all references to statutes are to RSMo (2000), unless otherwise indicated.

his plea at any time and was told that he could not contest the prosecution's factual basis for the charged offenses; (3) his plea counsel told him that prior false accusations of one of the victims would be inadmissible at trial; and (4) plea counsel failed to adequately conduct pre-trial investigations by contacting witnesses. We affirm.

This case results from Movant's pleas of guilty in two separate cases. In the first case, Movant was charged by felony information with two counts of statutory rape in the first degree, violations of Section 566.032, and one count of statutory sodomy in the first degree, a violation of Section 566.062. In the second case, Movant was charged by a separate felony information with two counts of statutory sodomy in the first degree, violations of Section 566.062.

On March 12, 2004, Movant appeared before the court and filed petitions to enter pleas of guilty in both cases. At the plea hearing, the court determined that Movant understood that he was pleading guilty to all five charges in the two cases pursuant to the petitions; that he had discussed the charges with his attorney; and he understood the nature of the charges. The State set out the factual basis for the charged offenses in both cases as follows:

[Prosecuting Attorney]: Your honor, in reference to Case No. 04N8–CR00368–F–01, on the date—or between the dates of June 1st, 2002, and July 31st, 2002, at or near 1578 South 14th Avenue, Apartment 2, Ozark, Christian County, Missouri, the [Movant] was in the presence of a seven-year-old female, identified as T.O. Between these dates [Movant] had sexual intercourse between himself and the minor T.O. on two occasions. There was also one occasion where the defendant had the victim T.O. perform oral sex on him, during the dates stated prior. It's believed that the [S]tate has enough for a submission of this case.

In reference to Case 38R030300002F, on the date of July 1st, 2002, at 1578 South 14th Avenue, Apartment 2, [Movant] was in the company of the juvenile identified as B.B., during which time he had sexual intercourse with her, and also forced the victim to perform oral sex upon him. In furtherance of the same case, on the date of June—between June 1st and July 2002 in the County of Christian, again at 1578 South 14th Avenue, [Movant] was in the company of juvenile S.A., and between these dates [Movant] had sexual intercourse with her on two occasions, and oral sex with her on one occasion. We believe that this case is submittable also, Your Honor.

Movant told the court that he understood the facts of the two cases; that they were accurately stated; that he understood that the sentencing range on each count was ten years to life imprisonment in the department of corrections; that he was pleading guilty without the benefit of a plea agreement; and that he had not received any promises from anybody that made him plead guilty.

Movant also stated that he had discussed the charges with his attorney, who had fully advised him of his legal rights and the possible consequences of pleading guilty in the two cases. Movant explained that his attorney answered all of his questions and did everything he was asked to do, and that he was satisfied with his attorney's services. When asked by the court if his attorney had asked him to lie or withhold facts from the court, Movant stated, "Oh, no, sir!" According to Movant, there were no additional witnesses that he wanted his attorney to talk to, who had not already been interviewed.

Movant stated that he understood his rights and understood that no one could make him plead guilty. He also told the court that no one had threatened, intimidated, or forced him to plead guilty, that his pleas of guilty in each case were made freely and voluntarily, and that he was in fact guilty as charged. The court accepted Movant's guilty pleas.

On May 14, 2004, Movant appeared for sentencing. The State recommended to the court that Movant receive the maximum sentence on each count and they run consecutively. Movant's attorney, John Kail ("Kail"), told the court that he understood that probation was an unlikely outcome, but asked the court to take into consideration Movant's medical condition, stating that any sentence the court would give, no matter how long or short, would be tantamount to a death sentence, which was the reason for Movant entering his pleas of guilty without the benefit of a plea agreement. Alternatively, Kail asked the court to sentence Movant to concurrent sentences.

In Case No. 38RO30300002, the court sentenced Movant to thirty years in the department of corrections on both counts of statutory sodomy with the sentences to run consecutively. It also sentenced him to thirty years in the department of corrections on all three counts in Case No. 04N8–CR00368–01, with sentences to run concurrent with each other and consecutive to the sentences imposed in Case No. 38R030300002.

The court advised Movant of his rights under Rule 24.035, and Movant acknowledged that he was satisfied with his attorney's representation. Consequently, the court found that there was no probable cause to believe that Movant had received ineffective assistance of counsel.

On August 16, 2004, Movant filed a pro se Rule 24.035 motion for post-conviction relief, which was later amended by appointed counsel alleging ineffective assistance of plea counsel and requested an evidentiary hearing. A hearing was held on August 16, 2005, and on October 19, 2005, the motion court entered its findings of fact, conclusions of law and judgment denying Movant's post-conviction relief motion. This appeal followed.

■ Our review of the denial of a post-conviction motion is limited to a determination of whether the motion court's findings of fact and conclusions of law are "clearly erroneous." Rule 24.035(k). The motion court clearly errs when a review of the entire record leaves this Court with the definite and firm impression that a mistake has been made. *Norfolk v. State,* 200 S.W.3d 36, 38 (Mo.App. W.D.2006).

In his amended Rule 24.035 motion, Movant alleged, inter alia, that his plea should be vacated, set aside or corrected, because his counsel was ineffective in:

(1) Misadvising Movant as to the consequences of his guilty plea and sentence by advising Movant that he would likely receive probation and/or be eligible for concurrent ten year sentences;

(2) Not advising Movant that he could withdraw his guilty plea at any time, and advising Movant that he could not contest any facts contained in the State's factual basis, and that he would have to "own up to it;"

(3) Informing Movant that prior false accusations of sexual abuse made by B.B. would be inadmissible at trial; and

(4) Failing to adequately conduct pre-trial investigations, including contacting doctors that could testify as to Movant's physical condition and impairments.

Movant's four points on appeal challenge the denial of his motion for post-conviction relief on each of the above grounds. Movant supports his argument under each point with his own testimony at the evidentiary hearing, while ignoring the contrary testimony of Kail. Because each ground for ineffectiveness was refuted by Kail's testimony which was found to be credible by the motion court, each of Movant's points must fail.

■■■ To prevail on a claim of ineffective assistance of counsel, a movant must show that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances; and that he was thereby prejudiced. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). "In the context of a guilty plea, a movant establishes prejudice due to ineffective assistance of counsel by demonstrating that a reasonable probability exists that, but for plea counsel's errors, the movant would not have entered a guilty plea and would have insisted on proceeding to trial." *Copas v. State,* 15 S.W.3d 49, 54 (Mo.App. W.D.2000). When a movant pleads guilty, claims of ineffective assistance of counsel are relevant only to the extent they affect the voluntariness with which a plea was made. *Pongrass v. State,* 132 S.W.3d 292, 293 (Mo.App. S.D.2004).

■■■ With respect to the first claim of ineffectiveness, Kail testified that he discussed the sentencing range for the charged offenses on multiple occasions, and denied ever telling Movant that he would probably get probation, or that he would probably get concurrent ten year sentences. Kail explained that he discussed that the best case scenario for Movant was probation, but also informed Movant that it was unlikely he would receive probation. Kail asserted that he was confident that Movant was aware of the possible sentence. According to Kail, Movant had said that he wanted to take his chances of receiving probation, no matter how slight, because any term of imprisonment whether it be ten years or one hundred years would amount to a death sentence for him. It was Kail's understanding that Movant was merely hopeful of receiving probation. "The expectation that a [movant] will receive a lesser sentence or a disappointed hope of a lesser sentence does not make a plea involuntary." *Redeemer v. State,* 979 S.W.2d 565, 572 (Mo.App. W.D.1998).

Regarding the second claim of ineffectiveness, Kail testified that he told Movant that he could change his plea at any time, and he denied ever telling Movant that he would be unable to contest the facts as stated in the prosecution's factual basis. As to the third claim of ineffectiveness, Kail testified that he could not recall ever discussing the rape shield statute with Movant, and, in fact, believed that B.B.'s false allegations were crucial to Movant's defense and planned to use them at trial.

Finally, with respect to the fourth ground for ineffectiveness, Kail testified that after receiving a list of doctors from Movant, he was able to obtain Movant's medical records. Kail explained that he was preparing to interview the doctors when Movant told him that he was withdrawing his plea of not guilty. As to other witnesses whom Movant claimed Kail failed to interview, Kail testified that he was specifically told by Movant not to contact those witnesses.

■■■ As to each instance of conflicting testimony, the motion court made a credibility determination in favor of the testimony given by Kail. "On a claim of ineffective assistance of counsel, 'the motion court is free to believe or disbelieve any

evidence, whether contradicted or undisputed, including the movant's testimony[.]'" *Moore v. State*, 207 S.W.3d 725, 729 (Mo.App. S.D.2006)(quoting *Krider v. State*, 44 S.W.3d 850, 858 (Mo.App. W.D. 2001)). "Credibility of the witness is a determination to be made by the motion court." *White v. State*, 122 S.W.3d 118, 119 (Mo.App. S.D.2003). "This Court must defer to the motion court's determination on matters of credibility." *Id.*

Each claim of ineffectiveness raised by Movant was refuted by Kail's testimony. Because we defer to the motion court's determination of witness credibility, we are not left with the definite and firm impression that a mistake has been made. The motion court did not err in denying Movant's Rule 24.035 motion.

The judgment of the motion court is affirmed.

BARNEY and LYNCH, JJ., concur.