**Antoine SMITH, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 95723.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 30, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 11, 2011.

Application for Transfer Denied Dec. 20, 2011.

Lisa M. Stroup, St. Louis, MO, for Appellant.

Chris Koster, Attorney General, John W. Grantham, Asst. Attorney General, Jefferson City, MO, for Respondent.

ROBERT G. DOWD, JR., Presiding Judge.

Antoine Smith ("Movant") appeals the denial of his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. Movant asserts the motion court clearly erred in denying his motion for post-conviction relief because his plea counsel was ineffective in failing to advise him that he would have to serve eighty-five percent of the sentences he received for the forcible sodomy, Section 566.060, RSMo 2000 [1], attempted forcible rape, Section 564.011, first-degree assault, Section 565.050, and first-degree robbery, Section 569.020, convictions before becoming eligible for parole. We find the motion court did not clearly err and affirm.

Movant was charged with two counts of forcible sodomy, five counts of armed crim-inal action, Section 571.015, one count of attempted forcible rape, one count of first-degree assault, and one count of first-degree robbery.

Movant pleaded guilty to one count of forcible sodomy (Count I), four counts of armed criminal action (Counts II, IV, VIII, X), one count of attempted forcible rape (Count V), one count of first-degree assault (Count VII), and one count of first-degree robbery (Count IX).[2] Movant was sentenced to a term of fifteen years of imprisonment each for Counts I, II, V, VI, and he was sentenced to a term of ten years of imprisonment each for Counts VIII, IX, X. The sentences in Counts I, II, and VI were to run concurrently with each other as well as with the sentences Movant received in Cause No. 2105R–04413–01. The sentences in Counts VII, VIII, and X were to run concurrently with each other, but consecutively to the sentences in Counts I, II, and VI and the sentences Movant received in Cause No. 2105R–04413–01. Thus, Movant's cumulative prison sentence was twenty-five years.

Before entering his plea, Movant stated his plea counsel had answered his questions and done all things he asked him to do. Movant also stated he was satisfied with his plea counsel's performance, and that no one had promised him anything, threatened, intimidated, or mistreated him to get him to plead guilty. Movant also stated he had discussed all aspects of his case with his plea counsel before entering his plea.

Thereafter, Movant filed a Rule 24.035 motion for post-conviction relief. The motion court appointed counsel, and an amended motion was filed. Movant asserted his plea counsel was ineffective in

---

1. All further statutory references are to RSMo 2000 unless otherwise noted.

2. The State entered a nolle prosequi for one count of forcible sodomy and one count of armed criminal action.

failing to advise him that he would have to serve eighty-five percent of the sentences he received for the forcible sodomy, attempted forcible rape, first-degree assault, and first-degree robbery convictions before becoming eligible for parole.

The motion court considered Movant's motion and entered findings of fact and conclusions of law. The motion court found Movant failed to allege facts that would warrant relief on the ground asserted, and thus, it concluded he was not entitled to an evidentiary hearing. The motion court also concluded that absent an affirmative misrepresentation to Movant by his plea counsel regarding possible parole, Movant cannot use a misunderstanding about his parole to argue his plea was involuntary, and there was no evidence of an affirmative misrepresentation in this case. The motion court also found "it is well-settled under Missouri law that parole eligibility is a collateral consequence of a guilty plea that imposed no duty on the Court or plea counsel to advise Movant he would have to serve eight[y]-five percent (85%) of the sentences he received pursuant to the negotiated plea agreement, before being eligible for parole." The motion court noted even if Movant's allegations were true, they would not warrant relief. Thus, the motion court denied Movant's motion for post-conviction relief without an evidentiary hearing. This appeal follows.

■ Our review of a motion court's findings of fact and conclusions of law in denying a Rule 24.035 motion for post-conviction relief is limited to a determination of whether the findings and conclusions are clearly erroneous. Rule 24.035(k); *Worthington v. State*, 166 S.W.3d 566, 572 (Mo. banc 2005). A motion court's findings and conclusions are clearly erroneous only if, after a full review of the record, we are left with a definite and firm impression that a mistake has been made. *Id.* When reviewing a motion court's ruling, we presume the motion court's findings and conclusions are correct. *Grace v. State*, 313 S.W.3d 230, 232 (Mo.App. E.D.2010). We defer to the motion court's determinations of credibility of the witnesses. *Berry v. State*, 225 S.W.3d 457, 462 (Mo.App. S.D.2007).

■ If the motion court determines that the files and record of the case conclusively show that the movant is entitled to no relief, a hearing shall not be held. Rule 24.035(h). In order to be entitled to an evidentiary hearing on a Rule 24.035 motion, the movant must satisfy a three-prong test: (1) he must allege facts not conclusions which, if true, would warrant relief; (2) the facts must not be refuted by the record; and (3) the matters complained of must have resulted in prejudice to the movant. *Rollins v. State*, 974 S.W.2d 593, 595 (Mo.App. W.D.1998).

■ In order to show ineffective assistance of counsel, a movant must show that counsel's performance was deficient and that this deficiency prejudiced the defense. *Morales v. State*, 104 S.W.3d 432, 434 (Mo.App. E.D.2003). To show prejudice where a movant entered a plea of guilty, the movant must show that but for counsel's errors, he would not have pled guilty and would instead have insisted on proceeding to trial. *Id.* Following a guilty plea, the effectiveness of counsel is relevant only to the extent that it affected whether or not the plea was made voluntarily and knowingly. *Id.*

In his sole point, Movant asserts the motion court clearly erred in denying his motion for post-conviction relief without an evidentiary hearing because his plea counsel was ineffective in failing to advise him that he would have to serve eighty-five percent of the sentences he received for the forcible sodomy, attempted forcible

rape, first-degree assault, and first-degree robbery convictions before becoming eligible for parole because they are classified as dangerous felonies under Sections 556.061(8) and 558.019.3. Movant maintains his plea counsel's failure to advise him that he would have to serve eighty-five percent of the sentences rendered his guilty plea involuntary, unknowing, and unintelligent because had he known of this consequence, he would not have pleaded guilty, but would have proceeded to trial. We disagree.

Movant contends the fact that he would have to serve eighty-five percent of the sentences was a direct consequence of pleading guilty, and thus, his counsel had a duty to advise him of this direct consequence.

The Missouri Supreme Court has held that eligibility for parole is considered to be a collateral consequence of the plea; thus, information about eligibility for parole is not among those direct consequences about which a defendant must be informed in order for the plea to be entered voluntarily and intelligently. *Reynolds v. State*, 994 S.W.2d 944, 946 (Mo. banc 1999); *Bryant v. State*, 316 S.W.3d 503, 510 (Mo.App. E.D.2010). Consequently, neither counsel nor the trial court has been held to be under an affirmative obligation to inform a defendant of the parole consequences of the guilty plea, although a plea may be considered involuntary if counsel misinforms the client as to the effects of the plea. *Id.*

However, the United States Supreme Court recently dealt with consequences of a guilty plea in *Padilla v. Kentucky*, — U.S. —, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). The Padilla case involved a defendant, Jose Padilla, who faced deportation after pleading guilty to the transportation of a large amount of marijuana in his tractor-trailer. *Id.* at 1477. Padilla

claimed that his counsel not only failed to advise him of the deportation consequence prior to his entering of the guilty plea, but also told him he "did not have to worry about immigration status since he had been in the country so long," and Padilla alleged he relied on this erroneous advice in pleading guilty. *Id.* at 1478. In *Padilla*, the Court declined to consider whether the direct/collateral distinction should be applied to a claim that plea counsel was ineffective for erroneously advising his client that he would not be deported as a result of pleading guilty to a particular crime because of the unique nature of deportation. *Id.* at 1483. The Court noted "[d]eportation as a consequence of a criminal conviction is, because of its close connection to the criminal process, uniquely difficult to classify as either a direct or collateral consequence." *Id.* at 1482. Instead the court found that when the immigration consequences of a guilty plea are truly clear, the duty to give correct advice is equally clear. *Id.* at 1483. The Court declined to limit its holding to the factual circumstance of affirmative misadvice, reasoning that such a limitation would give counsel an incentive to remain silent on important matters and would deny vulnerable clients rudimentary advice when it is readily available. *Id.* at 1484.

As a result of the holding in *Padilla*, the Missouri Supreme Court recently revisited the distinction between direct and collateral consequences of pleading guilty. *Webb v. State*, 334 S.W.3d 126 (Mo. banc 2011). In *Webb*, the defendant alleged he did not receive effective representation when he pleaded guilty because his attorney affirmatively misled him by telling him he would not be subject to the law requiring him to serve eighty-five percent of his sentence before becoming eligible for parole. *Id.* at 127. In fact, the defendant was subject to the law requiring him to

serve eighty-five percent of his sentence, although his counsel incorrectly informed him he would only be required to serve forty percent of his sentence before becoming eligible for parole. *Id.* at 129. The Court found it was unnecessary to determine whether the defendant was entitled to relief under *Padilla* because existing case law recognized the distinction between counsel failing to inform a defendant of plea consequences and counsel providing misinformation about plea consequences to a defendant, holding that a counsel providing misinformation renders the representation ineffective. *Id.* at 131 fn. 8; *Reynolds,* 994 S.W.2d at 946.

However, in a concurring opinion, three Missouri Supreme Court judges stated they believed that under *Padilla,* counsel is ineffective for failing to advise his or her client regarding parole eligibility. *Id.* at 138. While, in a dissenting opinion, three Missouri Supreme Court judges stated their belief that the holding of Padilla should not be expanded to apply to claims that counsel failed to advise his or her client about parole eligibility. *Id.* at 145.

Thus, the Court in *Webb* left unanswered the question of the expansion of *Padilla* beyond the deportation context in Missouri. The instant case involves a mere failure to inform rather than the affirmative misinformation that was at issue in *Padilla* and *Webb.* Moreover, the Missouri Supreme Court in its consideration of *Padilla* in *Webb* did not overturn existing case law holding that eligibility for parole, like other matters relating to parole, is a collateral matter, which does not affect the voluntariness of the plea. *White v. State,* 957 S.W.2d 805, 808 (Mo.App. W.D.1997); *Reynolds,* 994 S.W.2d at 946. As a result, we are still bound to apply that precedent.

■ Thus, the motion court did not clearly err in denying his motion for post-conviction relief without an evidentiary hearing because Movant's plea attorney was not ineffective in failing to advise him that he would have to serve eighty-five percent of the sentences he received for the forcible sodomy, attempted forcible rape, first-degree assault, and first-degree robbery convictions before becoming eligible for parole because it is a collateral consequence. Point denied.

The motion court's denial of Movant's Rule 24.035 motion for post-conviction relief after an evidentiary hearing is affirmed.

MARY K. HOFF, J. and SHERRI B. SULLIVAN, J., concur.