

# In the Missouri Court of Appeals
## Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| LEONARD JAMES, | ) | No. ED101425 |
| | ) | |
| Appellant, | ) | |
| | ) | Appeal from the St. Charles County |
| vs. | ) | Circuit Court |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Jon A. Cunningham |
| | ) | |
| Respondent. | ) | Filed:  June 9, 2015 |

### Introduction

Leonard James (Movant) appeals the motion court's denial of his Rule 24.035 motion for post-conviction relief without an evidentiary hearing.  Movant claims the motion court erred by denying his Rule 24.035 motion because he pleaded unrefuted facts that plea counsel was ineffective.  Specifically, Movant contends that plea counsel was ineffective for failing to show Movant a videotaped recording of the victim's interview with Mindy Skaggs at the Child Center. Movant argues that if he had seen the video, he would not have pleaded guilty to Counts IV and V.  We affirm.

### Factual Background

Movant was charged with three counts of child molestation (Counts I, II, and IV) and two counts of statutory sodomy (Counts III and V).  He pleaded guilty to Counts I, II, and III, and

entered *Alford*[1] pleas to Counts IV and V[2].  At the plea hearing, the State summarized the evidence it would have produced at trial on Counts IV and V.  The State would have testimony from Officer Halstead, Mindy Skaggs, and Officer Myers.  Officer Halstead would have testified that the victim told him that "while she was lying in bed with [Movant] watching a movie and he did not have any pants on, that [Movant] took her panties off, spread her legs and tried to put his weiner in her privates."  Skaggs would have testified to the following from her interview with the victim at the Child Center:

> "[The victim] stated that on another night when she was six years old [Movant] put his penis on her vagina.  She said that they were lying in bed both facing the television with [Movant] behind her.
> She said that she felt something on her vagina and [Movant] – and she said [Movant] is that your leg? [Movant] said no. [Movant] told her to lift her leg up, so she pulled up her leg.  [Movant] put his penis in between her legs on her vagina.  She wasn't sure if [Movant]'s penis stayed on her vagina or went in her vagina.  She said his penis felt squishy."

Officer Myers would have testified that Movant told him that the victim rubbed his penis with her feet on multiple occasions, and that "she asked to see and touch his penis and he allowed her to do both."  Officer Myers also would have testified that Movant told him that on some occasions, the victim was naked from the waist down and Movant's penis may have "inadvertently touched her legs and buttocks."  After the State relayed all of the evidence it would have presented had the case gone to trial, the court asked Movant if he understood the evidence against him in Counts IV and V, including that of Mindy Skaggs:

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).  A defendant enters an *Alford* plea when he denies the allegations, but nonetheless pleads guilty because the State has overwhelming evidence of his guilt.  *Id.* at 37-38.
[2] In Count IV, Movant was charged with first-degree child molestation for "knowingly subject[ing] a child with the initials EJ, who was less than fourteen years old, to sexual contact by having [his] genitals touch EJ's genitals."
  In Count V, Movant was charged with first-degree statutory sodomy for having  "deviant sexual intercourse with the child with the initials EJ, who was less than twelve years old, by having EJ's hand on [his] genitals while she did not have her clothes on or her Pull-Ups covering her genitals" for the purpose of arousing or gratifying his sexual desire.

[The Court]: Mr. James, as to counts four and five, do you understand what [the State] just indicated to the Court and to you is her summary of what she believes the evidence would be if those two cases went to trial[?]

[Movant]: Yes, Your Honor.

Movant then pleaded guilty to all five counts, with *Alford* pleas to Counts IV and V. He was sentenced to a total of 18 years' imprisonment.

Movant then filed a Rule 24.035 motion for post-conviction relief. In the motion, Movant argued that his plea counsel was ineffective for failing to share material evidence with Movant, specifically Mindy Skaggs's videotaped interview with the victim. Movant contended that he was prejudiced because he did not see this material evidence prior to the plea hearing. Movant also requested an evidentiary hearing.

The motion court denied Movant's Rule 24.035 motion for post-conviction relief without an evidentiary hearing. Regarding Movant's claim that plea counsel was ineffective for not sharing Mindy Skaggs's interview with Movant, the motion court found that "Movant has failed to state any facts to demonstrate how he was prejudiced, he only states a bare conclusion." Further, the motion court found that Movant's claim was refuted by the record and denied the claim. Movant appeals.

**Standard of Review**

We review the denial of a Rule 24.035 motion for post-conviction relief to determine whether the motion court's findings of facts and conclusions of law are clearly erroneous. Rule 24.035(k). "A motion court's findings are presumed correct and we will overturn the ruling only if we are left with a definite and firm impression that a mistake has been made." *Nichols v. State*, 409 S.W.3d 566, 569 (Mo. App. E.D. 2013).

**Discussion**

In his sole point relied on, Movant claims that the motion court clearly erred in denying his Rule 24.035 post-conviction motion without an evidentiary hearing. Movant contends that he pleaded "facts, not conclusions, which if proven would entitle him to relief, and the facts he alleged raised matters not conclusively refuted by the record." Movant argues that plea counsel was ineffective for failing to share the Skaggs interview with him, and plea counsel's ineffectiveness rendered his plea involuntary. The State counters that the motion court did not clearly err because Movant did not allege facts showing prejudice and Movant's pleas were knowing, intelligent, and voluntary.

"In order to be entitled to an evidentiary hearing on a Rule 24.035 motion, the movant must satisfy a three-prong test: (1) he must allege facts not conclusions which, if true, would warrant relief; (2) the facts must not be refuted by the record; and (3) the matters complained of must have resulted in prejudice to the movant." *Smith v. State*, 353 S.W.3d 1, 3 (Mo. App. E.D. 2011). Under Rule 24.035(h), if the motion court determines that the record conclusively shows that the movant is not entitled to relief, an evidentiary hearing shall not be held. *Id.* To be entitled to an evidentiary hearing based on a claim of ineffective assistance of counsel, a movant must allege unrefuted facts establishing that counsel's performance was both deficient and prejudicial. *Id.* If the movant pleaded guilty, he must show that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.* Therefore, following a guilty plea, "the effectiveness of counsel is relevant only to the extent that it affected whether or not the plea was made voluntarily and knowingly." *Id.*

Movant argues that he was prejudiced by plea counsel's failure to share with Movant Mindy Skaggs's videotaped interview with the victim, because had he seen the interview prior to

4

the plea hearing, he would not have pleaded guilty and would have proceeded to trial on Counts IV and V. Specifically, Movant claims that the only evidence to support Count IV was the victim's statements to Officer Halstead and Mindy Skaggs, and Movant contends that the victim's statement to Mindy Skaggs "contradicts any basic understanding of basic human anatomy." Movant also argues that Count V was only supported by his statement to Officer Myers, and that the statement was "too ambiguous about how many times he actually had [the victim's] hand on his genitals."

The record shows that at the plea hearing, the court asked Movant whether he was satisfied with plea counsel's services, to which Movant responded, "Yes, Your Honor." Later at the plea hearing, the State read Counts IV and V and summarized the evidence that it would present if the case were to proceed to trial. Afterward, the court asked Movant, "As to counts four and five, do you understand … what [the State] just indicated to the [c]ourt and to you is her summary of what she believed the evidence would be if those cases went to trial[?]," to which Movant responded, "Yes, Your Honor." Movant then pleaded guilty to Counts IV and V.

Movant maintains that the fact that plea counsel did not review Mindy Skaggs's interview with Movant is unrefuted by the record. Nonetheless, Movant does not show that this failure resulted in prejudice to him. After hearing about the evidence that the State would present at trial, including Skaggs's recollection of her interview with the victim, Movant still pleaded guilty to Counts IV and V. As a result, the record reflects that Movant was aware of Skaggs's interview with the victim and yet still decided to enter a guilty plea on Counts IV and V. Movant's guilty plea proceeding refutes Movant's claim that his plea was involuntary, and therefore Movant was not entitled to an evidentiary hearing. *See Nesbitt v. State*, 335 S.W.3d 67, 69 (Mo. App. E.D. 2011). Furthermore, Movant's argument that the victim's statement to

Skaggs "contradicts any understanding of basic human anatomy" is without merit. In his brief, Movant contends that for his penis to touch the victim's vagina in the circumstances to which Skaggs would have testified "would have been physically impossible." However, Movant misstates the facts – Skaggs would not have testified that both were "lying forward" or on their stomachs, but that they were "lying in bed both facing the television with [Movant] behind her."

We conclude that the record refutes Movant's claim that plea counsel was ineffective for failing to review material evidence with him prior to the plea hearing. Accordingly, no evidentiary hearing was required and the motion court did not clearly err by denying Movant's Rule 24.035 motion for post-conviction relief without an evidentiary hearing. Point denied.

**Conclusion**

The judgment is affirmed.

_____
Philip M. Hess, Judge

Sherri B. Sullivan, P.J. and
Mary K. Hoff, J. concur.