

# NUMBER 13-17-00586-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE ROSE CRAGO AND JOHN CRAGO, INDEPENDENT EXECUTOR OF THE ESTATE OF DAVID CRAGO

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Longoria
### Memorandum Opinion Per Curiam[1]

Relators Rose Crago and John Crago, independent executor of the estate of David

Crago, filed a petition for writ of mandamus in the above cause on October 18, 2017.

Through this original proceeding, relators seek a writ of mandamus compelling the

respondent to withdraw a temporary injunction granted on September 22, 2017 on

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When granting relief, the court must hand down an opinion as in any other case," but when "denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

grounds that the trial court lacked jurisdiction over the case. This Court requested and received a response to the petition from the real party in interest, Nueces County, and also received a reply thereto from relators. *See* TEX. R. APP. P. 52.2, 52.4, 52.8.

Mandamus is an extraordinary remedy. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). To obtain mandamus relief, a relator must show that the underlying order is void or that the order represents a clear abuse of discretion and that no adequate appellate remedy exists. *See In re Nationwide Ins. Co.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). However, when an order is void, "the relator need not show it did not have an adequate appellate remedy, and mandamus relief is appropriate." *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding); *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, the response, the reply, and the applicable law, is of the opinion that relators have not shown themselves entitled to the relief sought. *See, e.g., Robinson v. Parker*, 353 S.W.3d

2

753, 755 (Tex. 2011).  Accordingly, we DENY the petition for writ of mandamus.  *See*

TEX. R. APP. P. 52.8(a).

PER CURIAM

Delivered and filed the
16th day of November, 2017.