

# In the Missouri Court of Appeals
## Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| DANIELL W. BIBBS, | ) | No. ED107490 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | Honorable John D. Warner, Jr. |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed: March 10, 2020 |

### Introduction

Daniell Bibbs ("Movant") appeals the motion court's judgment denying his Rule 24.035[1] motion for post-conviction relief without an evidentiary hearing. He contends the motion court clearly erred in denying (1) his claim that his pleas were involuntary and unknowing and (2) his claim of ineffective assistance of counsel. Specifically, in Point I Movant contends that after the charges were read to him he told the court "there was nothing forcible" about his conduct and the three charges he pled guilty to contained identical language. In Point II Movant contends plea counsel was ineffective for failing to investigate evidence the victim had made false or unsubstantiated allegations of a sexual nature against other men. We affirm.

---

[1] All rule citations are to the Missouri Supreme Court Rules (2017), which was the version of the Rule in effect at the time Movant's *pro se* motion for post-conviction relief was filed on October 30, 2017.

## Factual Background

On August 12, 2015 Movant was charged with three counts of sexual abuse in the first degree, one count of felonious restraint, and one count of attempted rape in the first degree. Movant initially pled not guilty. However, on April 27, 2017 Movant pled guilty to three counts of sexual abuse in the first degree and one count attempted rape in the first degree under a plea agreement with the State. The State of Missouri entered a *nolle prosequi* on the felonious restraint count as part of the plea agreement.[2] Before entering his pleas, Movant admitted no one forced him to plead guilty. Movant also admitted plea counsel fully advised him of the charges the State filed against him. Movant admitted plea counsel discussed the case at length with him, answered all his questions, and he was satisfied with plea counsel's services.

During the plea hearing, the State read the indictment and recited these facts: on or about July 6, 2014 Movant woke K.K. ("victim") in the middle of the night and asked her if she wanted to learn to drive. When she declined, Movant forced the victim to the car and touched her breasts under her shirt. The victim tried to get out of the car, but Movant drove her to another residence, where he tried to force her pants down and made her touch his penis with her hand. Movant rubbed his penis up and down on the victim over her clothes and put his mouth on her vagina over her clothes. The victim told Movant she wanted to go home, but he restrained her by pushing and pulling her and holding her down by the neck.

When asked by the plea court if all those facts were substantially true and correct, Movant answered "not all of them," because "there was nothing forcible about it." However, Movant subsequently confirmed the facts were correct and these events took place between him and the victim. Movant also admitted he was freely and voluntarily pleading guilty because he had actually

---

[2]*Nolle prosequi* is a voluntary dismissal of a felony charge by a prosecutor. *State v. Williams*, 407 S.W.3d 691, 693 (Mo. App. E.D. 2013).

2

committed the offenses outlined by the State. Movant admitted no one told him what to say during his plea hearing or forced him to plead guilty. Movant admitted he understood by pleading guilty, he was giving up his right to a trial. Movant then pled guilty to three counts of sexual abuse in the first degree and one count of attempted rape. Movant was sentenced to seven years' imprisonment for each of the sexual abuse in the first degree charges and ten years' imprisonment for the attempted rape charge, with all sentences to run concurrently. The plea court found Movant's pleas were made voluntarily and intelligently and there were sufficient factual bases for Movant's pleas. The plea court accepted his four guilty pleas.

After receiving his sentence, Movant admitted plea counsel did "everything [Movant] wanted him to do as far as looking into [his] case" and did "the best that he could." However, he told the plea court he was not satisfied with plea counsel's services because plea counsel did not "look into" whether the victim made similar false or unsubstantiated claims against other men. Plea counsel responded he was not aware of any similar accusations. Based on Movant's statements and plea counsel's response, the plea court found there was no probable cause or prima facie basis for ineffective assistance of counsel.

Movant timely filed a *pro se* Rule 24.035 motion for post-conviction relief on October 30, 2017. On December 6, 2017 the Office of the Public Defender was appointed to represent Movant. On January 31, 2018 post-conviction counsel entered her appearance on behalf of Movant. On February 5, 2018 post-conviction counsel moved for a thirty-day extension to file an amended motion, which the motion court granted. Movant's amended motion and request for an evidentiary hearing was timely filed on March 6, 2018. In the amended motion, Movant argued the plea court erred in accepting his pleas "without sufficient factual bases" because he told the plea court there was "nothing forcible" about his conduct and the charges against him contained identical language.

3

Movant also argued his plea counsel was ineffective for failing to investigate evidence that the victim made false or substantiated allegations against other men.[3] Movant contended plea counsel's performance prejudiced him and rendered his pleas unknowing, unintelligent, and involuntary.

The motion court denied Movant's Rule 24.035 motion for post-conviction relief without an evidentiary hearing. The motion court found Movant's claim there were no factual bases for his pleas because he denied the element of forcible compulsion was refuted by case law and the record. The motion court found factual bases were established not by Movant's direct admission to each individual element, but by his admissions on the record as a whole. The motion court also found the State recited facts that distinguished three counts of sexual abuse and one count of attempted rape at the plea hearing. The motion court determined those facts were clear, concise, and on the record. The motion court found Movant's claim that plea counsel was ineffective for failing to investigate whether the victim made similar allegations against other men was refuted by the record and had no merit because Movant stated on record he believed plea counsel did the best he could as his attorney.

This appeal followed.

### Standard of Review

We review the denial of a Rule 24.035 motion for post-conviction relief to determine whether the motion court's findings of facts and conclusions of law are clearly erroneous. Rule 24.035(k). "A motion court's findings are presumed correct and we will overturn the ruling only

---

[3]In his amended motion, Movant argued plea counsel was ineffective because he failed to object to Movant's acceptance of the pleas without factual bases. The motion court denied this claim without an evidentiary hearing. Movant does not raise this issue on appeal.

4

if we are left with a definite and firm impression that a mistake has been made." *Nichols v. State*, 409 S.W.3d 566, 569 (Mo. App. E.D. 2013).

## Discussion

In both points relied on, Movant claims the motion court clearly erred in denying his 24.035 post-conviction motion without an evidentiary hearing. Movant contends he pled facts, not conclusions, that the record does not conclusively refute and that entitle him to post-conviction relief. To be entitled to an evidentiary hearing on a Rule 24.035 motion, the Movant must satisfy a three-prong test: (1) he must allege facts not conclusions which, if true, would warrant relief, (2) the facts must not be refuted by the record, and (3) the matters complained of must have resulted in prejudice to the Movant. *Smith v. State*, 353 S.W.3d 1, 3 (Mo. App. E.D. 2011). Under Rule 24.035(h), if the motion court determines the record conclusively shows the Movant is not entitled to relief, an evidentiary hearing shall not be held. *Id.*

## Point I

Movant argues his guilty pleas were made unknowingly and involuntarily. The State argues Movant has waived this claim because it differs from the claim raised in his amended motion. Alternatively, the State contends this argument is refuted by the record.

In Claim 8(a)(1) of his amended motion, Movant asserted the trial court erred in accepting his guilty pleas without *sufficient factual bases*. In his brief on appeal, Movant argues his guilty pleas were *involuntary and unknowing*. When Movant filed his amended motion, our case law commonly conflated these inquiries.

Claims not raised in a motion for post-conviction relief are deemed waived and cannot be reviewed on appeal. *Tisius v. State*, 519 S.W.3d 413, 431 (Mo. banc 2017). In the past, Missouri courts have routinely used "factual basis" synonymously and interchangeably with a "knowing

and voluntary plea." *Booker v. State*, 552 S.W.3d 522, 527 (Mo. banc 2018). However, as the Missouri Supreme Court noted in *Booker*, "factual basis" and a "knowing and voluntary plea" are distinguishable and not interchangeable terms, and using "factual basis" synonymously with "knowing and voluntary plea" is a misapplication of the law. *Id.* at 529. *Booker* asserted any case law to the contrary should no longer be followed. *Id.*

The *Booker* Court clarified the law controlling claims conflating "factual basis" and "knowing and voluntary plea" issues in post-conviction relief. Because of this intervening change of law this Court will exercise its discretion to review Point I *ex gratia*.[4] *See State v. Munoz*, 345 S.W.3d 888, 891 (Mo. App. W.D. 2011) (reviewing a waived claim of trial court error *ex gratia*).

Whether viewed as a factual basis claim or a claim his pleas were unknowing and involuntary, the motion court did not clearly err. Movant failed to allege prejudice in Claim 8(a)(1) of his amended motion. To be entitled to an evidentiary hearing, the Movant must allege that his complaints resulted in prejudice. *Stanley v. State,* 490 S.W.3d 389, 392 (Mo. App. E.D. 2016). Movant failed to do so. However, had Movant alleged prejudice in his amended motion, Movant's claim is refuted by the record because the record clearly shows (1) sufficient factual bases for Movant's pleas and (2) his pleas were made knowingly and voluntarily.

**1. Movant's Pleas Were Knowingly and Voluntarily Made.**

Reviewing Movant's claim his pleas were involuntarily and unknowingly entered, his claim is refuted by the record. A plea of guilty is constitutionally valid only if it is voluntary and intelligent. *Booker*, 522 S.W.3d at 527. On appeal, a reviewing court examines whether the case record, as a whole, supports a finding that the plea was knowingly and voluntarily entered. *Id*. at 528.

---

[4]Movant's amended motion was filed on March 6, 2018, prior to the Missouri Supreme Court's decision in *Booker*. However, Movant's Statement, Brief, and Argument was filed on September 13, 2019 after the *Booker* decision.

The record supports a finding that Movant's pleas were knowingly and voluntarily entered. Movant admitted the facts outlined by the State were true. He admitted he was pleading guilty because he committed the crimes described by the State. Movant argues on appeal his pleas were unknowing and involuntary for two reasons: (a) Movant told plea court there was "nothing forcible" about his conduct and (b) the charges against him contained identical language. However, these arguments are not persuasive.

a) <u>Movant's statement to plea court there was "nothing forcible" about his conduct.</u>

Movant first contends his pleas were entered unknowingly and involuntarily because, during his plea hearing, he told the plea court "there was nothing forcible about" his conduct. The State contends this statement merely reflects Movant's belief that his actions should not constitute the legal definition of "force." Movant, however, argues this statement was a denial of an essential element of all four counts. Movant's disagreement that his conduct resulted in guilt of the charges does not establish his pleas were unknowing or involuntary. Movant admitted on the record he understood by pleading guilty, he gave up his right to a trial. Even if the accused maintains his innocence, so long as the plea of guilty represents a voluntary choice of alternatives available to him, according to his conception of his own best interests, it is not involuntary. *Small v. State*, 646 S.W.2d 903, 905 (Mo. App. E.D. 1983). When given the opportunity to clarify his statement there was "nothing forcible" about it, Movant agreed with the trial court that, other than the forcefulness, the facts were correct and the facts the prosecutor described took place between him the victim. Movant told the plea court he was "freely stating and admitting that [he was] guilty of the criminal charges the State has brought against [him]." Movant also admitted no one told him what to say during his plea hearing or forced him to plead guilty. Therefore, Movant's claim that his pleas were unknowing and involuntary is refuted by the record when examined as a whole.

b) The three counts of sexual abuse contained identical language.

Movant next contends his pleas were unknowing and involuntary because the three counts of sexual abuse he pled guilty to contained identical language. This claim is similarly refuted by the record. The Movant admitted he was fully advised by plea counsel of all legal aspects of his case, including his legal rights and the consequences of his four guilty pleas. Additionally, the State described instances of sexual abuse in detail, including touching the victim's breasts under her shirt, making her touch his penis with her hand, rubbing his penis up and down her body over her clothes, and putting his mouth on her vagina over her clothes. These sexual acts constitute more than three instances of sexual abuse. Movant's claim that the pleas were unknowing and involuntarily because of the use of identical language is refuted by the record when examined as a whole.

Movant's four guilty pleas were entered knowingly and voluntarily because Movant admitted the facts outlined by the State occurred and he was guilty of the charges. Additionally, at the plea hearing the State described in detail the incident between Movant and the victim and outlined more than three instances of sexual abuse. Movant's arguments do not establish his pleas were unknowingly and involuntarily made. The recitation of the facts and Movant's colloquy with the plea court establish Movant pled guilty with an awareness of the circumstances and their probable consequences.

**2. There Were Sufficient Factual Bases for Movant's Pleas.**

If Movant had maintained his claim the plea court erred in accepting his pleas without sufficient factual bases, his claim is also refuted by the record.[5] In Missouri, the plea court may

---

[5]Our colleagues in the Southern District recently interpreted *Booker* as holding claims that no factual basis was established for guilty pleas, as required by Rule 24.02(e), are "not cognizable in a post-conviction proceeding." *Martin v. State*, 568 S.W.3d 78, 81 (Mo. App. S.D. 2019). The Southern District reasoned factual basis claims are "not cognizable" because Rule 24.035(a) only allows claims that "the conviction or sentence imposed violates the

8

not enter judgment on a plea of guilty until it makes a determination there is a factual basis for the plea. *Ivy v. State*, 81 S.W.3d 199, 202 (Mo. App. W.D. 2002) (citing Rule 24.02(e)). The factual basis requirement for a plea is not constitutionally mandated; however, it assists a judge in "making the constitutionally required determination that a defendant's plea of guilty is truly voluntary." *Booker*, 522 S.W.3d at 527. Because a guilty plea admits all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts. *Id.* A factual basis exists when the conduct the defendant admits establishes the defendant's commission of the offense that is the subject of the plea. *Id.* The defendant must understand that the conduct he or she is admitting to is the same as the conduct outlined by the State. The factual basis requirement "serves as a safeguard to the defendant who is in the position of pleading voluntarily without an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." *Id.* at 528.

In his amended motion, Movant contended there were insufficient factual bases to support his pleas of guilty. This contention is refuted by the record. The State read Movant's indictment at the plea hearing, which alleged he used forcible compulsion to force the victim to have sexual contact with him and restrain her. Movant admitted that, other than his contention that the incident with the victim was not forcible, the facts alleged by the State were correct. Additionally, he admitted that the conduct alleged by the State actually did occur between the Movant and the victim. He told plea court he "actually committed" the three counts of first degree sexual abuse and one count of first degree attempted rape.

---

constitution and laws of this state," and the Missouri Supreme Court recently clarified in *Booker* that "a sufficient factual basis is not constitutionally required." *Id.* Because we are exercising our discretion to review Movant's involuntary and unknowing plea argument in his brief on the merits, it is not necessary for us to review whether factual basis claims are no longer cognizable under Rule 24.035(a) post *Booker*.

Movant's arguments about the language used by the State at his plea hearing and his statement to the plea court about force do not establish a lack of factual bases for his guilty pleas. Movant admitted he understood the facts described by the State and those facts were correct.

The motion court did not clearly err in denying Movant relief without an evidentiary hearing for Movant's claim his pleas were entered without sufficient factual bases to support them. Movant's argument on appeal his pleas were entered involuntarily and unknowingly is meritless.

Point I is denied.

## Point II

In Point II, Movant argued plea counsel was ineffective because of his failure to investigate evidence that the victim made similar false or unsubstantiated allegations against other men. To be entitled to an evidentiary hearing based on a claim of ineffective assistance of counsel, a Movant must allege unrefuted facts establishing that counsel's performance was both deficient and prejudicial. *Strickland v. Washington,* 104 U.S. 2052, 2068 (1984). If the Movant pled guilty, he must show that but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Smith*, 353 S.W.3d at 3. To establish counsel ineffectiveness, Movant must show that counsel's performance fell far below an objective standard of reasonableness. *Blair v. State*, 402 S.W.3d 131, 135 (Mo. App. W.D. 2013). Following a guilty plea, "the effectiveness of counsel is relevant only to the extent that it affected whether or not the plea was made voluntarily and knowingly." *Id.*

To obtain an evidentiary hearing based on plea counsel's failure to investigate, Movant needed to "specifically identify who the witnesses were, what their testimony would have been, whether or not counsel was informed of their existence, and whether or not they were available to testify." *Morrow v. State*, 21 S.W.3d, 819, 823 (Mo. banc 2000). In his amended motion, Movant

10

made only conclusory statements about one specific man and vague references to other unidentified men victim has allegedly accused. Movant did not allege what the men's testimony would have been or if they were available to testify. Additionally, plea counsel denied any prior knowledge that the victim made similar false or unsubstantiated claims in the past. Specifically, after Movant told plea court about the existence of these men, plea counsel stated "I can say, as a matter of fact, that I have never heard that until right now."

Even if Movant alleged with specificity the identity of the potential witnesses, their willingness to testify, and plea counsel's knowledge of their existence, the record refutes Movant's claim. At his plea hearing, Movant admitted he was satisfied with plea counsel and had no complaints or criticisms about his services. Movant admitted plea counsel "did the things [Movant] wanted him to as far as looking into [Movant's] case, preparing it, and putting it in the best position" and "did the best that he could." Movant also admitted he did not think plea counsel needed to do any further investigation into his case, including looking for new witnesses or evidence.

The motion court did not clearly err denying Movant's claim plea counsel failed to investigate victim's alleged allegations against other men without an evidentiary hearing.

Point II is denied.

## Conclusion

After reviewing the entire record, we are not left with a definite and firm impression that a mistake has been made. We conclude the record refutes Movant's claims that his pleas either lacked factual bases or were unknowing and involuntary and that his plea counsel was ineffective. No evidentiary hearing was required. The motion court did not clearly err by denying Movant's 24.035 motion for post-conviction relief without an evidentiary hearing. The judgment of the motion court is affirmed.

_____
Philip M. Hess, Presiding Judge

Kurt S. Odenwald, J. and
Lisa P. Page, J. concur.