**Opinion filed December 31, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00259-CR
_____

## JULIAN JESSE ROJO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 441st District Court**
**Midland County, Texas**
**Trial Court Cause No. CR52905**

## M E M O R A N D U M   O P I N I O N

Julian Jesse Rojo has filed a notice of appeal from a judgment modifying his community supervision and imposing sanctions. Pursuant to the judgment modifying Appellant's community supervision, Appellant was ordered to serve seventy-five days in jail "as a condition of community supervision or until [he] is transferred to a Substance Abuse Felony Treatment Facility, whichever occurs first." The clerk of this court wrote Appellant when this appeal was docketed and informed

Appellant that it did not appear that his notice of appeal related to a final, appealable order. We requested that Appellant respond and show grounds to continue the appeal. We now dismiss the appeal.

A judgment modifying the terms of community supervision is not a final, appealable order. *Basaldua v. State*, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977); *Urrutia v. State*, No. 07-15-00214-CR, 2015 WL 5301641 (Tex. App.—Amarillo Sept. 10, 2015, no pet. h.) (mem. op., not designated for publication); *Singletary v. State*, No. 01-12-00529-CR, 2013 WL 653281 (Tex. App.—Houston [1st Dist.] Feb. 21, 2013, no pet.) (mem. op., not designated for publication). Appellant acknowledges that a judgment modifying the terms of community supervision is generally not a final, appealable order. Appellant nonetheless asserts that this court has jurisdiction because a defendant may appeal his "revocation of community supervision" when he is notified of the decision to revoke and is called upon to serve a sentence of confinement. If Appellant's community supervision had been revoked, we would agree with Appellant regarding this court's jurisdiction. However, Appellant's community supervision has not been revoked.

Appellant asserts alternatively that we have jurisdiction because this appeal was brought under Article 11.072 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West 2015). Article 11.072 establishes the procedure for an application for a writ of habeas corpus in a case involving community supervision. *Id.* art. 11.072, § 1. An application under Article 11.072 "must be filed with the clerk of the court in which community supervision was imposed." *Id.* art. 11.072, § 2(a). Appellant did not file an application for writ of habeas corpus in the trial court, and this court has no jurisdiction to entertain an original application for a writ of habeas corpus under Article 11.072. *See id.* art. 11.05 (providing that district courts, county courts, and the Court of Criminal Appeals have power to issue writs of habeas corpus); *Ex parte Garcia*, 353 S.W.3d

785, 788 (Tex. Crim. App. 2011) (stating that courts of appeals are truly appellate courts in Article 11.072 context); *see also id.* art. 11.072, § 8 (providing for appeal).

Because the judgment from which Appellant attempts to appeal is not a final, appealable order and because we have no authority to entertain an original application for writ of habeas corpus under Article 11.072, we have no jurisdiction over this proceeding.

Consequently, we dismiss this appeal for want of jurisdiction.

PER CURIAM

December 31, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.